## WHITE *v.* STATE

[No. 166, September Term, 1961.]

618

*Decided February 22, 1962.*

*Motion to stay execution of mandate filed March 21, 1962, and mandate stayed upon terms stated in Order of Court dated March 22, 1962.*

The cause was argued before BRUNE, C. J., and HAMMOND, HORNEY, MARBURY and SYBERT, JJ.

*Hugh J. Monaghan, II,* with whom were *George B. Cavanagh* and *Lawrence E. Wedekind* on the brief, for appellant.

*Robert F. Sweeney, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General,* and *Saul A. Harris* and *Charles E. Moylan, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, of Baltimore City, on the brief, for appellee.

SYBERT, J., delivered the opinion of the Court.

The appellant, Robert Galloway White, and a co-defendant, James Frank Wade, were found guilty by Chief Judge Niles and Associate Judges Manley and Cullen in the Criminal Court of Baltimore, sitting without a jury, under two indictments, tried together, one charging the murder of a 67-year old grocery store proprietor, and the other the assault and robbery with a deadly weapon which culminated in the death of the victim. After motions for a new trial on behalf of both defendants on both charges were heard and denied by the Supreme Bench of Baltimore City, the appellant was sentenced to death and Wade to life imprisonment in the murder case. Sentence was suspended as to both defendants on the robbery charge. Wade did not appeal. These two appeals in one record by White challenge his conviction on both charges. Both defendants had filed petitions as indigents, and separate court-appointed counsel represented each defendant below, and White on this appeal.

## I

The appellant first contends that it was erroneous for the police to have waited four days from his arrest before bringing him before a magistrate for a preliminary hearing. The appellant had been taken into custody at 12:40 P.M. on Friday, May 27, 1960, and while at Central District Station he made a confession to the police which, among other things, implicated the co-defendant Wade in the crime. Appellant was docketed at 6:30 P.M. at Central District and remained in custody until Tuesday, May 31, when he was charged before a magistrate. At the trial a detective lieutenant testified that the four-day delay was caused by investigation of Wade's connection with the crime as well as a sharp curtailment of magistrates' sittings over the Memorial Day week end.

At oral argument appellant's counsel conceded that he could not point to any prejudice to appellant which resulted from the delay in bringing him before a magistrate, and our review of the record discloses none. It has been held by this Court that a preliminary hearing is not necessary before a valid indictment can be obtained, *Sykes v. Warden,* 201 Md. 662, 93 A. 2d 549 (1953), and that the absence of such a hearing will not invalidate a criminal conviction. *Hardesty v. State,* 223 Md. 559, 165 A. 2d 761 (1960) ; *Shorey v. State,* 227 Md. 385, 177 A. 2d 245 (1962). In *Grear v. State,* 194 Md. 335, 71 A. 2d 24 (1950), as in this case, the arresting officers testified that there was a delay in bringing the accused before a magistrate in order to allow time for further investigations. In denying the defendant relief on that ground the Court said (at 349), "Like other legal proceedings, preliminary hearings may for sufficient reasons be postponed or continued * * *." Cf. *Young v. State,* 220 Md. 95, 151 A. 2d 140 (1959).

## II

Appellant entered a plea of guilty at the preliminary hearing before the magistrate and he now contends that it was erroneous for the trial court to have permitted the State to introduce this plea into evidence at the trial. However, no objection to the testimony as to the plea appears in the record and therefore the question is not properly before us, since it was not

raised below and decided by the trial court. Maryland Rule 885. However, we point out, without further discussion, that the contention is without merit. Cf. *Williams v. State,* 214 Md. 143, 132 A. 2d 605 (1957) ; *Weaver v. State,* 226 Md. 431, 174 A. 2d 76 (1961) ; Annotation, 141 A.L.R. 1335.

## III

It is urged that it was an abuse of discretion for the trial court not to have followed a probation department report, which recommended that the appellant be given a life sentence and sent to the Patuxent Institution for observation.

The contention lacks substance. The death sentence is one of the alternatives prescribed by the statute, Code (1957), Art. 27, § 413, and the trial court alone has the discretion to determine whether the maximum penalty should be imposed. *Merchant v. State,* 217 Md. 61, 141 A. 2d 487 (1958). The appellant had an extensive history of violent and other crimes, and the record contains testimony that he induced his younger co-defendant to enter the store and strike the victim with a heavy club, because appellant had held up the same establishment some months previously. The trial court had before it not only the probation department report, but also the reports of two eminent psychiatrists, both of whom concluded that appellant exhibited no symptoms of psychotic behavior or intellectual defect and that he knew the difference between right and wrong. The procedural policy of this State encourages a trial judge to consider all reports of this nature, and allows him a broad discretion in the use of such reports in determining the kind and extent of punishment to be imposed within the limits fixed by law. *Driver v. State,* 201 Md. 25, 92 A. 2d 570 (1952). As to the weight to be assigned to the various reports by the trial court and as to the reasoning used by it in coming to a decision, this Court has recognized that on appeal it "* * * has no power to review that reasoning, and set aside the sentence if it should find any error in the process. In that, there can be no abuse of discretion to be reviewed by the appellate court. The sentence was of undeniable legality, imposed by the tribunal to which alone the law looks for the decision as between the two alternative penalties, and this

court could not interfere with it on the ground urged without usurping the functions of the court of original jurisdiction." *Duker v. State,* 162 Md. 546, 548, 160 Atl. 279 (1932).

## IV

Appellant contends that he was illegally induced to make the confession to the police soon after he was taken into custody, and that, since it was involuntary, it was erroneously admitted into evidence. He bases his argument entirely on the alleged taking into custody by the police of his pregnant common-law wife, Vera Savage, and the subsequent confrontation of appellant with her while she was crying and emotionally upset. Miss Savage was allowed to remain alone with appellant for one hour and fifty-five minutes and appellant testified that she said that the police would not release her until he made a statement. Appellant also testified that the police had used threats and physical violence in questioning him but insisted that his real reason for confessing was in order to have his common-law wife released. At the trial Miss Savage stated that the police asked her to attempt to persuade appellant to confess, that they said they would try to make it "better" for him if he did, and that until he did so, she would not be permitted to return home.

The testimony of four police officers who had participated in the questioning of the appellant was flatly contradictory to the testimony given by the appellant and Miss Savage. Their testimony was to the effect that appellant's confession was given voluntarily and that no force, threats of violence, inducements or coercion of any kind were exerted either directly against appellant or through his common-law wife. The officers testified that they began questioning appellant at 2:05 P.M. on the day he was taken into custody and that he gave them an oral statement amounting to a confession which the interrogating officers began to reduce to writing at 2:30. It was *after* he had given a verbal confession which had been partly typed that appellant requested to see Miss Savage, according to the testimony of two of the officers. This testimony is borne out by the signed confession itself, which, subsequent to certain incriminating admissions, contains within the

text this notation: "(Statement stopped at 2:50 p.m. and renewed at 4:45 p.m. because White refused to say anything further until this time after he had talked with Vera Savage)." The officers also testified that Miss Savage had come to the station voluntarily and was free to leave at any time, and that even though she was crying, she did not appear extremely upset.

More frequently than not, testimony in regard to the voluntary nature of a confession is, as in the instant case, conflicting and contradictory. In *Jones v. State,* 188 Md. 263, 52 A. 2d 484 (1947), where the testimony was conflicting, this Court said, "As there is no precise formula by which to determine whether a confession is voluntary, the determination of the question lies within the sound discretion of the trial judge. The determination of the question by the trial judge will not be disturbed by the Court of Appeals, unless the discretion has been clearly abused. The circumstances that constitute such improper influences as to make a confession inadmissible are reviewable, but the *credibility* of conflicting evidence concerning the circumstances is a matter for the trial judge, and is not reviewable unless there is a manifest abuse of discretion. * * *" (pp. 270-271, emphasis added). It cannot be said as a matter of law that the circumstances surrounding this confession establish its involuntary nature, nor do we find any abuse of discretion on the part of the trial court in weighing the credibility of the conflicting testimony. Cf. *Ralph v. State,* 226 Md. 480, 174 A. 2d 163 (1961); *Hall v. State,* 223 Md. 158, 162 A. 2d 751 (1960); *Grammer v. State,* 203 Md. 200, 100 A. 2d 257 (1953), cert. den., 347 U. S. 938; *Edwards v. State,* 194 Md. 387, 71 A. 2d 487 (1950); 2 *Wharton's Criminal Evidence,* 12th ed., § 351.

### V

Appellant finally argues that if he had been represented by counsel at the preliminary hearing he would not have entered a plea of guilty, and that he should have had counsel prior to the time of the original arraignment. In claiming a denial of constitutional rights, he cites the case of *Hamilton v. Alabama,* 368 U. S. 52 (1961), in which the Supreme Court of

the United States reversed a first degree murder conviction where the accused was arraigned without counsel in Alabama, even though he pleaded not guilty.

It is important to note the rationale of the Supreme Court decision in that case (at 53-54 of 368 U. S.) :

> "*Arraignment under Alabama law is a critical stage* in a criminal proceeding. It is then that the defense of insanity must be pleaded * * * or the opportunity is lost. * * * Thereafter that plea may not be made except in the discretion of the trial judge, and his refusal to accept it is 'not revisable' on appeal. * * * Pleas in abatement must also be made at the time of arraignment. * * * It is then that motions to quash based on systematic exclusion of one race from grand juries * * * or on the ground that the grand jury was otherwise improperly drawn * * * must be made.
>
> "Whatever may be the function and importance of arraignment in other jurisdictions, we have said enough to show that in Alabama it is a critical stage in a criminal proceeding. What happens there may affect the whole trial. Available defenses may be as irretrievably lost, if not then and there asserted, as they are when an accused represented by counsel waives a right for strategic purposes. * * *" (Emphasis supplied.)

It is clear that the decision in the *Hamilton* case turned on the vital part the arraignment serves in criminal proceedings in Alabama. Such is not the case in Maryland. Maryland Rule 723 (1958 ed.), pertaining to the arraignment, does not specify any defenses or motions which must be made at that time.[1] It requires only that the indictment be read in open

---

1. Rule 723. Arraignment.

a. *How made.*

Arraignment shall be conducted in open court and shall consist of reading the indictment or information to the defendant or stating to him the substance of the charge and calling on him to plead thereto. In every indictment or information for the alleged commission of a criminal offense in this State, the accused shall be fur-

court or explained to the defendant and that he be called upon to enter a plea. It also specifically provides for the assignment of counsel *at that time* in all capital or other serious cases. Rule 725 b 2 (1958 ed.) [2] defines the defenses and objections which may be raised by motion before *trial* (and not necessarily at the arraignment), and even in this case "Failure to present any such defense or objection as herein provided constitutes a waiver thereof, *but the court for cause shown may grant relief from the waiver."* (Emphasis supplied.) Cf. *Mazer v. State,* 212 Md. 60, 127 A. 2d 630 (1956). Under Rule 724 (1958 ed.) (Rule 721 [1961 ed.]) the court may refuse to accept a plea of guilty, and if an accused refuses to plead, or if the court has refused to accept a plea of guilty,

---

nished a copy thereof as soon as practicable after the same shall have been prepared and in any event before he is called upon to plead, and at the expense of the prosecuting authority.

b. *Assignment of Counsel.*

If the defendant appears in court without counsel, the court shall advise him of his right to obtain counsel. Unless he elects to proceed without counsel, the court shall, in all capital cases or other serious cases, assign counsel to defend him.

c. *Record to Show Compliance.*

The record shall affirmatively show compliance with this Rule. (For revision of the Maryland Rules of Procedure, effective January 1, 1962, see Dec., 1961 edition thereof.)

**2.** Rule 725. Pleadings and Motions before Trial—Defenses and Objections.

\* \* \*

b. *The Motion Raising Defenses and Objections.*

\* \* \*

2. Defenses and Objections Which Must Be Raised by Motion. Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objection as herein provided constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.

\* \* \*

the court shall enter a plea of not guilty. New Rule 722 (1961 ed.), providing that the court may strike out a plea of guilty at any time and enter a plea of not guilty, if it deems such action necessary in the interest of justice, affords recognition of a practice which has long existed in this State.

It is obvious therefore that the arraignment under Maryland law is not a "critical stage in a criminal proceeding," as is the case in Alabama, and since determination of the need of the accused for counsel is made at the arraignment, sufficient time before trial will elapse for counsel to confer with the accused and raise any defense or objection which must be raised before trial.

There was no requirement (nor any practical possibility under our present criminal procedure) to appoint counsel for the appellant at the preliminary hearing before the magistrate, *Nettles v. Warden,* 215 Md. 659, 139 A. 2d 242 (1958), nor was it necessary for appellant to enter a plea at that time. *Williams v. State, supra.* At the arraignment itself, appellant entered a plea of not guilty. Again, at the proceedings prior to the opening of the trial, appellant, who was then represented by counsel, entered a plea of not guilty, and not guilty by reason of insanity. We need not now decide the possible result had appellant entered a guilty plea at the arraignment and before he was represented by counsel. Under the circumstances presented, and under our liberal rules in regard to pleadings and motions before trial in a criminal case, we find no prejudice to appellant's cause stemming from the fact that counsel was not appointed for him until after the arraignment.

The appellant himself, in letters to the Chief Judge of this Court and to the Clerk thereof, stated that the State's Attorney in his summation to the trial judges informed them that there was another murder charge pending against appellant, a matter not in evidence. He stated that his counsel entered an objection, but that he feels the statement prejudiced the trial judges' minds against him. The record does not contain the closing arguments of counsel and thus it throws no light as to whether or not such an episode occurred. Briefs of counsel are silent as to any such occurrence, as were counsel themselves at argument. We can only say that if the statement

was made and counsel objected, as appellant claims, we cannot suppose that his objection was not sustained. We have no reason to believe that the statement, if made, was given the slightest weight or exerted any influence upon any of the three experienced judges who heard the case without a jury.

Having found no error below, we will affirm both judgments.

*Judgments affirmed.*