**Darl J. SHEELY, Petitioner-Appellant,**

v.

**W. J. WHEALON, Superintendent, Southern Ohio Correctional Facility, Respondent-Appellee.**

**No. 74–2380.**

United States Court of Appeals, Sixth Circuit.

Argued June 6, 1975.

Decided Nov. 18, 1975.

---

714

Robert Karl Handelman, Raymond Twohig, Columbus, Ohio, for petitioner-appellant.

William J. Brown, Atty. Gen. of Ohio, Leo J. Conway, Asst. Atty. Gen., Columbus, Ohio, for respondent-appellee.

Before EDWARDS, LIVELY and ENGEL, Circuit Judges.

EDWARDS, Circuit Judge.

This is an appeal from denial of a petition for writ of habeas corpus under 28 U.S.C. § 2254 (1970). The habeas case was heard before a United States District Judge in the Northern District of Ohio, Eastern Division.

Appellant is currently serving a life sentence for the crime of rape of a female under twelve years of age. Appellant was arrested on November 24, 1969. He was given *Miranda* warnings by the prosecuting attorney of the county and questioned. When he refused to answer, questioning was ended. The next day appellant was arraigned before the Municipal Court, informed of his right to counsel, and appellant requested an opportunity to talk with a lawyer before he entered a plea. On that evening appellant was questioned again and was allowed to place a call to an attorney. Appellant testified that the attorney advised only that he should seek appointed counsel from the court.

The following day appellant was questioned again, and on receiving a promise concerning hospital treatment, he signed a waiver of rights form and gave a confession.

Two days later, on November 28, 1969, appellant was brought before the Municipal Court again. He was not represented by counsel and no questions were addressed to him as to whether he had had the advice of counsel. At that time he entered a plea of guilty under the Ohio statute then in effect, O.R.C. § 2937.02–10, which not only provided for the taking of pleas before the Municipal Court, but also provided that a plea of guilty thus entered was admissible at any subsequent trial of the crime involved.[1]

---

1. O.R.C. § 2937.06 provides: "After all motions are disposed of or if no motion is presented, the court or magistrate shall require the accused to plead to the charge."

Appellant was subsequently indicted for the crime of rape described above, counsel was appointed for him, and he entered a plea of not guilty. At his state court trial the prosecution introduced the prior plea of guilty which had been entered before the Municipal Court. No objection was made to this procedure, presumably because of the Ohio statute which then authorized the admission of this plea. The confession described above was also admitted in evidence without objection.

The District Judge who heard appellant's habeas petition found that the plea of guilty and the confession were voluntarily given and were admissible, and that appellant had not been represented by constitutionally ineffective counsel at trial. The District Judge's reasoning follows:

Petitioner was finally arraigned on November 28, 1969, four days after his arrest. The affidavit of Lester L. Campbell, Judge of the Portage County Municipal Court, who conducted the arraignment of petitioner, as well as the record of both arraignments, demonstrate that petitioner was properly given his constitutional rights and an opportunity to exercise those rights. At the initial arraignment on November 25, 1969, petitioner advised the Court that he had an attorney but had not conferred with him. The Court, therefore, continued the arraignment to November 28, 1969 to afford petitioner time to consult with counsel. As noted earlier, a call was placed to petitioner's counsel and petitioner conferred with counsel. (There was no indication to anyone that petitioner was, after this time unrepresented.) Petitioner presumably pleaded on November 28 with the concurrence of counsel. Petitioner was aware of his rights. He had conferred with legal counsel, knew he had the right to have counsel present at the arraignment, knew the meaning of a guilty plea, nevertheless, he voluntarily elected to plead guilty without the presence of counsel. *Cf. White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963).

Petitioner infers that his guilty plea was induced by promises and/or threats. The threat charged is attributed to the statement of assistant prosecuting attorney Sicuro to the effect that " . . . he would see to it that I [petitioner] would be put away for life". Of interest is the fact that Sicuro was not present at the time petitioner confessed.

The promise to ignore a charge of kidnapping also appears to be an afterthought of the petitioner in pursuit of his freedom.

Accordingly, this Court concludes that petitioner's guilty plea at his second Municipal Court arraignment was intelligently and knowingly made with the full realization of his rights under the Constitution. Therefore, the introduction of that guilty plea into evidence does not constitute reversible error. *See also, Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

Since the plea was voluntarily made, petitioner was not denied a "substantial defense" by counsel's failure to object. *Beasley.*

These findings and conclusions of law are assigned as error by appellant. This court was particularly concerned about the fact that O.R.C. § 2937.02–10 (which the state contended was not a conviction

---

O.R.C. § 2937.09 provides: "If the charge is a felony, the court or magistrate shall, before receiving a plea of guilty, advise the accused that such plea constitutes an admission which may be used against him at a later trial."

Although these sections were in effect at the time of petitioner Sheely's arrest and trial, they have been presumptively superceded by Ohio Rule of Criminal Procedure 5, which provides in part: "In felony cases the defendant shall not be called upon to plead either at the initial appearance or at a preliminary hearing." The Ohio Rules of Criminal Procedure became effective July 1, 1973.

but was merely a finding of probable cause to hold the defendant for trial, see O.R.C. § 2937.09) squarely authorized admission of the Municipal Court guilty plea (assertedly uncounselled) at the subsequent jury trial. The court, therefore, sought additional briefing on this issue.

The supplemental briefs have now been received and considered. Finding constitutional violation of appellant's Sixth Amendment right to counsel, we reverse for issuance of the writ, unless Ohio (as it surely will) elects to retry appellant.

We have read with interest the two cases cited above in the District Judge's opinion, *Donnelly v. DeChristoforo,* 416 U.S. 637, 94 S.Ct. 1868, 40 L.Ed.2d 431 (1974); *Cupp v. Naughten,* 414 U.S. 141, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973). While they may serve to narrow the construction of the federal due process clause to some degree in considering prosecutorial abuse at argument, or error in judicial instructions, neither has any direct bearing upon our instant appeal.

In *White v. Maryland,* 373 U.S. 59, 83 S.Ct. 1050, 10 L.Ed.2d 193 (1963), however, the Supreme Court dealt with a case involving remarkably similar facts:

Petitioner, who was sentenced to death while his codefendant was given life, appealed to the Maryland Court of Appeals which affirmed his conviction. 227 Md. 615, 177 A.2d 877. We granted certiorari "limited to the point of law raised in *Hamilton v. Alabama,* 368 U.S. 52, [82 S.Ct. 157, 7 L.Ed.2d 114]." See 371 U.S. 909, 83 S.Ct. 259, 9 L.Ed.2d 169.

Petitioner was arrested on May 27, 1960, and brought before a magistrate on May 31, 1960, for a preliminary hearing. But that hearing was postponed and not actually held until August 9, 1960. At that time petitioner was not yet represented by a lawyer. When arraigned at that preliminary hearing he pleaded guilty. What Maryland calls the "arraignment" was first held September 8, 1960; but since petitioner was not represented by counsel, his arraignment was postponed and counsel appointed for him on September 9, 1960. He was finally arraigned on November 25, 1960, and entered pleas of "not guilty" and "not guilty by reason of insanity." At his trial the plea of guilty made at the preliminary hearing on August 9, 1960, was introduced in evidence.*

*White v. Maryland, supra,* 373 U.S. at 59–60, 83 S.Ct. at 1051.

The United States Supreme Court unanimously concluded:

Whatever may be the normal function of the "preliminary hearing" under Maryland law, it was in this case as "critical" a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel.

We repeat what we said in *Hamilton v. Alabama, supra,* 368 U.S. at 55, 82 S.Ct. 157, that we do not stop to determine whether prejudice resulted: "Only the presence of counsel could have enabled this accused to know all the defenses available to him and to plead intelligently." We therefore hold that *Hamilton v. Alabama* governs and that the judgment below must be and is reversed.

*Id.* at 60, 83 S.Ct. at 1051.

■ In our instant case there can be no doubt that the Municipal Court proceeding where the disputed guilty plea was received was a critical stage of the criminal process. See *Hamilton v. Alabama,* 368 U.S. 52, 82 S.Ct. 157, 7 L.Ed.2d 114 (1961).

---

* Although petitioner did not object to the introduction of this evidence at the trial (227 Md., at 619–620, 177 A.2d, at 879), the rationale of *Hamilton v. Alabama, supra,* does not rest, as we shall see, on a showing of prejudice.

■ Appellant's plea by state law was not a predicate for a judgment of guilty but it was admissible before the jury whose favorable verdict appellant subsequently sought. The impact upon a jury of a formal plea of guilty entered in open court within a few days of the commission of the crime can hardly be overstated.

■ Nor does this record afford any basis for concluding that appellant's Sixth Amendment right to counsel had been either fulfilled or waived. Admittedly he entered the guilty plea without counsel present. The transcript shows that no inquiry was made as to whether he had been counselled concerning his plea or as to whether he knowingly and voluntarily waived the presence of an attorney. Such a waiver, of course, may not be inferred from a silent record. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

Under the circumstances, we find no need to examine appellant's additional claims pertaining to 1) violation of his Fourteenth Amendment due process rights by the admission of the guilty plea at trial despite his entitlement to a presumption of innocence, 2) violation of due process by admission of a claimed involuntary confession, and 3) the asserted inadequacy of counsel at trial and at the habeas corpus hearing, in violation of the Sixth Amendment.

The judgment of the District Court is reversed and the case is remanded for entry of the writ of habeas corpus, unless Ohio within a reasonable time retries appellant on the charge stated above.