# TALLMADGE F. CHERRY *vs.* DANIEL IRA BAKER.

This court cannot take judicial notice of the rules regulating the course of proceedings in the inferior courts; in the absence of proof the presumption is that the proceedings had in the court below were in conformity with its own rules.

Where the record shows that the defendant *consented* to the issuing of a commission to take testimony, and admitted service of the plaintiff's interrogatories before the commission was issued, he cannot be heard to object that it issued irregularly and without notice.

APPEAL from the Circuit Court for Howard county.

*Action,* brought on the 12th of July 1859, by the appellee against the appellant, to recover money paid and for professional services as a lawyer, rendered by the plaintiff to the defendant. The suit was originally brought in the Superior court of Baltimore city. The defendant appeared by counsel in that court, and the record shows that a commission to take testimony was issued, *by consent,* to H. C. Wright, of New York city, on the 13th of January 1858. The interrogatories of the plaintiff were sent with the commission, with the endorsement thereon by the defendant's attorneys, acknowledging *service.* This endorsement, as it appears in the record, is dated July 28th, 1858, but the commission was returned executed on the 31st of March 1858, and the interrogatories, with the endorsement, "service admitted," were returned with it.

The cause was then, upon suggestion of the defendant, removed for trial to the circuit court for Baltimore county, and thence to the circuit court for Howard county, where it was tried upon issue joined, on the plea of not indebted as alleged.

Several exceptions were taken in the course of the trial, none of which need be stated except the 3rd and 5th, from which it appears the defendant objected to the execution and return of the commission above referred to, and to the testimony taken thereunder, upon the grounds: 1st. That the said commission does not appear to have been issued in conformity with rule 29 of the Superior court of Baltimore city.

2nd. That it appears that the defendant was not served with a copy of the interrogatories to the plaintiff's witnesses before the issuing of the commission. These objections the court (Brewer, J.) overruled, and to these rulings the defendant excepted, and the verdict and judgment being against him appealed.

The cause was argued before Le Grand, C. J., Tuck, Bartol and Goldsborough, J.

*John H. Ing,* for the appellant:

The testimony taken under the commission should not have been allowed to go to the jury. This testimony was taken without notice to the appellant and no opportunity was afforded him to cross-examine the witnesses. No part of the record discloses notice, and the maxim of law is, that that which does not appear should be considered as not existing. But another ground of objection is, non-compliance with the 29th rule of the Superior court. It is true this rule is not made part of the record, but such omission, it is apprehended, can make but little difference in view of the decision of this court in *Contee vs. Pratt,* 9 *Md. Rep.,* 73, where it is said in reference to the rules of the court of chancery, "although the rules of court are not in the record, we are, nevertheless, bound, judicially, to know what they are." An examination of this 29th rule will show non-compliance with its requisitions. The appellee did not first file a copy of interrogatories with the name of the commissioner, at least fifteen days before applying to have the commission, and did not serve the opposite party with a copy, and did not afford fifteen days to such opposite party for cross-interrogatories.

*B. F. Horwitz* and *Thos. Donaldson,* for the appellee:

The commission having been issued by *consent* was properly issued and returned, according to the well settled practice in this State. The interrogatories are shown by the record to have been filed *before* the issuing of the commission, and the word "July," in the admission of service, is evidently a mistake, and intended for "January." Nor is the objection

of non-compliance with the rule of court of any avail, for that rule is not embodied in the exception, nor does it any where appear in the record, and this court cannot take judicial knowledge of its existence and terms. 15 *Md. Rep.*, 581, *Rutherford vs. Pope.*

BARTOL, J., delivered the opinion of this court.

In the progress of this cause a great many points were made and exceptions taken, all of which are set out in the record and bills of exception. But in the argument in this court, most of them were abandoned, and are not, therefore, necessary to be noticed.

The only questions discussed before us, and upon which we are asked to reverse the judgment, arise upon the *third* and *fifth* bills of exception, and involve the question of the admissibility of the evidence taken and returned under the commission executed in New York. The appellant contends that the commission issued irregularly, and not in conformity with the 29th rule of the Superior court for Baltimore city. But the record nowhere informs us what the 29th rule of that court is; and as we cannot take judicial notice of the rules regulating the course of proceedings in the inferior courts, this objection has nothing to sustain it. In the absence of proof, the presumption is, that the proceedings had in the court below were in conformity with its own rules.

The record does not sustain the other objection made by the appellant to the commission. The commission was issued, by the consent of parties, on the 13th day of January 1858. The interrogatories of the plaintiff were sent with the commission, with the endorsement thereon by the defendant's attorney, acknowledging *service*.

This endorsement, as it appears in the record, is dated July 28th, 1858. But it is manifest that the date is erroneous. The commission was returned executed on the 31st of March 1858, and the interrogatories, with the endorsement of "service admitted," were returned with it. In the face of this evidence, apparent on the record, that the defendant *consented to the issuing of the commission, and admitted service of*

*the interrogatories before the commission was issued,* he cannot be heard to object that the commission issued irregularly and without notice.

*Judgment affirmed.*

(Decided March 26th, 1861.)