(Decided 20th February, 1873.)

---

WILLIAM A. ALLEN *vs.* MARY A. SOWERBY, Administratrix of JOSEPH A. SOWERBY.

*When a motion to Dismiss an Appeal will be overruled.—Admissibility of Parol testimony, to Vary or modify a simple Contract in writing.*

A motion to dismiss an appeal upon the ground that the bills of exception were not prepared and submitted to the Court below in conformity with one of its rules, during the term at which they were taken, will be overruled, there being nothing in the record to show that they were not submitted at the same term at which the cause was tried.

In case of a simple contract in writing, it is competent to prove by parol, a distinct subsequent agreement, waiving, abandoning or modifying the terms of the writing, or an additional, suppletory agreement, supplying something which is not in the written contract.

Where in an action of *assumpsit* to recover for services rendered, the plaintiff offers in evidence, as constituting the contract between himself and the defendant, a letter written by the latter, which *per se* does not purport to be a full and final contract between them in regard to the matter referred to therein, but a partial agreement as to certain commissions to be allowed the plaintiff, it is competent for the defendant to show by parol testimony that after the writing of the letter, he prepared and read to the plaintiff a contract in writing, which embodied the agreement between them in accordance with their previous understanding, and that he assented to it as correctly embodying the bargain between them, but refused to sign it, because, as he said, he would not bind himself in writing to any body. And such unsigned written agreement may properly be submitted to the jury with the other evidence.

APPEAL from the Baltimore City Court.

This was an action of *assumpsit* by the appellee's intestate, against the appellant to recover the sum of $201.92, claimed to be due upon a contract alleged to have been made between them. The alleged contract was a letter from the defendant to the plaintiff, dated New York, July 13th, 1868.

*First Exception.*—The plaintiff to sustain the issue on his part, proved that prior to the 13th July, 1868, he had been employed by the defendant as solicitor of policies for the Union Mutual Life Insurance Company of Maine, of which the defendant was the resident principal agent in and for the city of Baltimore and State of Maryland, at a flat commission of 20 per cent. on the first premiums thereon; that some time previous to the 13th July, 1868, plaintiff notified the defendant that he must have a higher rate of compensation if he continued to work for the company, and that the parties had a conversation on the subject without coming to any definite conclusion, in which

the plaintiff stated to the defendant that he should require 25 per cent. on the first year's prem ums on all policies he might procure in future, and 5 per cent. on all renewals the second and third years—the same that he was already getting in other companies; that defendant informed plaintiff that he was going to New York on the 3rd July, 1868, and would write to him thence on the subject; that in July, 1868, while the defendant was in New York, plaintiff received by mail from the defendant the following letter, addressed to the plaintiff at Baltimore, in the defendant's handwriting, viz:

NEW YORK, *July* 13*th*, 1868.

J. A. SOWERBY, Esq.,

*Dear Sir:*—Mr. Crocker, our President, has arrived in Boston; he did not stop here as expected; he returned by the way of Albany, New York. I shall go to Boston on Wednesday night, with a view to get my new weekly plan in working shape.

In the meantime, with a view that there may be no time lost, I will here say, that I will accept your proposition in reference to coms., viz: 25 per cent. on all original prems. procured by or through you, and 5 per cent. renewals for two years. I will enter into a contract in writing on my return. I shall expect a large number of applications from you, and trust the arrangement may result to our mutual advantage. You can have the application that you have procured sent to Boston for policies. I shall be home at the earliest moment.

The above has no reference to coms. for my new weekly plan—that I am not prepared to speak definitely of to-day. Give my kind regards to all.

I am yours truly,

W. A. ALLEN,

(U. S. Stamp, 5 cents—14 July, 1868.)      Agent.

That shortly after the receipt of the said letter, the plaintiff caused the 5 cent internal revenue stamp to be affixed to it, which now appears upon it, and with the marks of cancellation thereon appearing, and proceeded to act under the terms of the said letter; that not long after the defendant's return to Baltimore from New York, some time, he thought, in the month of July, the said defendant offered to enter into a written contract with the plaintiff, specifying the terms of their agreement, but the plaintiff declined to do so, saying to the defendant, "Your letter is as good a contract as I want, or good enough for me; I rely on your letter and your honor as to the terms of our agreement;" that defendant still urged on plaintiff to enter into the written contract, and offered to read to him a contract, which he produced and said he had entered into with another man, and offered to read the same to him, but the plaintiff declined and refused to hear it, on the ground of the sufficiency of the letter from the defendant, and his unwillingness to vary its terms; that he did not enter into any other or new contract, but proceeded to act, and did act entirely under the terms contained in said letter; and that the plaintiff solicited and procured for the company represented by the defendant the applications for the several policies of insurance—seven in number—the gross amount of annual premiums amounting to $2,700, which are set out in the account filed with the declaration in the case.

On the part of the defendant it was admitted that the plaintiff as stated by him, had been previously employed as canvasser by the defendant; that the prior conversation, as stated by the plaintiff, had occurred between them, and that the letter of the 13th July, 1868, was his genuine letter, but the same was objected to as evidence by the defendant. The Court overruled the objection and admitted the letter.

The defendant offered to prove by his own testimony, that after his return to Baltimore from New York, he had

an interview with the plaintiff; that he had then prepared and read to the plaintiff a contract in writing, which embodied the agreement between them, in accordance with their previous understanding on the proposition of the plaintiff referred to in the letter, and this contract so offered and read, was proffered in evidence; that the plaintiff, on hearing such contract read, assented to it as correct and as embodying their understanding, but refused to sign it because he said he would not make a written bargain and bind himself to anybody, but then proceeded to render some service under that agreement, and that all the services alleged to have been rendered, and for which he seeks to recover, so far as they were rendered at all, were rendered under such oral agreement, and not under the agreement of the letter produced in this cause; to the admissibility of which evidence, as tending to vary the written contract between the parties already offered in evidence by the plaintiff, the plaintiff objected, and the said paper-writing so prepared by the defendant not having been submitted to the Court for its inspection before the same was offered to the jury, the Court (SCOTT, J.,) sustained the objection, and the defendant excepted.

*Second Exception.*—Substantially the same as the first.

*Third Exception.*—The defendant testified, that when he first saw the letter of July 13th, 1868, there was no internal revenue stamp attached to it, and further offered to prove, by his own testimony, that on the refusal of the plaintiff to sign a written contract similar to one he had prepared for another man, he offered to make a parol contract with the plaintiff variant from that contained in the letter, but under which the 25 per cent. commission on first premiums was allowed by him to the plaintiff; but the plaintiff failed to perform certain conditions on his part to be performed, as set forth in said contract, and upon such failure defendant refused to allow the 5 per cent. on renewals. To this evidence the plaintiff objected, and the Court sustained the objection, and the defendant excepted.

The defendant thereupon prayed the Court to instruct the jury, that the letter produced in evidence by the plaintiff is not a contract in the law which could not be changed by a subsequent parol agreement; and if they are satisfied from the evidence that the letter written by the defendant, and offered in evidence by the plaintiff, contained a provision, that "in the meantime" (that is, until a written agreement should be made and entered into between the parties) the arrangement contemplated by that letter was to continue, and might then be superseded by such subsequent agreement, then it was competent for the plaintiff and defendant to make such subsequent agreement, and the same, if made, would be binding upon the parties in place of that contained in the letter. This instruction the Court refused to give, because there was no evidence in the case to sustain it, and the defendant excepted.

*Fourth Exception.*—This was taken to the rejection of a prayer offered by the defendant, identical with that contained in the previous exception.

The verdict and judgment being for the plaintiff, the defendant appealed.

The cause was submitted to STEWART, BRENT, MILLER, ALVEY, and ROBINSON, J.

*S. L. Stockbridge* and *Henry Stockbridge,* for the appellant.

The motion to dismiss the appeal should be overruled: Because there is nothing in the record which shows that the bills of exception were not "prepared and submitted to the Court" in accordance with the 36th Rule of Baltimore City Court, but on the contrary, the record shows that three bills of exception were prepared, submitted to, and signed and sealed by the presiding Judge, before the case was given to the jury, to wit, on the 6th of Novem-

ber, 1871. And further in so far as it appears, there is no such rule as that upon which the motion to dismiss this appeal is based, and in case there was such a rule, it nowhere appears in the record, and therefore the well established principle of law applies that an Appellate Court cannot take judicial notice of the rules regulating the course of proceedings in the inferior Court. *Cherry vs. Baker,* 17 *Md.,* 75 ; *Morrison vs. Welty,* 18 *Md.,* 169 ; *Matthews, &c., vs. Dare & McClure,* 20 *Md.,* 248.

The letter of July 13th, 1868, is not such a contract as could not be changed by a subsequent suppletory agreement. It is apparent upon the face of it that it was a temporary arrangement, and contemplated being superseded by the subsequent agreement, that was offered to be proved by the defendant, for it contains within itself a reservation as to *time* and *terms,* which precludes the possibility of supposing, that there was that mutuality, that "assent to the same thing in the same sense," which is essential to a final and binding contract, and which lies at the foundation of the right to recover upon any supposed contract. 1 *Par. on Con.,* 475 *and* 476 ; *Honeyman vs. Marryatt,* 6 *H. L. Cas.,* 112.

Even though it be admitted that the letter sufficiently sets forth the nature of the service to be rendered and the compensation for the same, yet it was competent for the parties at any time before breach of it, to add to, subtract from, or vary, or qualify the terms of it, and thus to make a new contract to be proved partly by the letter itself, and partly by the subsequent verbal terms engrafted on what would then be left of it. · *Stockham vs. Stockham,* 32 *Md.,* 196; *Chitty on Con.,* 111 (9*th Eng. Ed.;*) *Goss vs. Nugent,* 5 *B. & Adol.,* 58; *Cummings vs. Arnold,* 3 *Met.,* 486 ; *Richardson vs. Cooper,* 25 *Maine,* 450 ; *Blood vs. Hardy,* 15 *Maine,* 61 ; *Jeffrey vs. Walton,* 1 *Starkie,* 267 ; *White vs. Parkin,* 12 *East.* 578; *Franklin vs. Long,* 7 *G. & J.,* 407 ; 1 *Green. on Ev.,* secs. 304, 409.

It was competent for the plaintiff and defendant to make the subsequent parol agreement offered to be proved by the latter, and when made it took the place of the letter.

It should have been left to the jury to determine the question whether such subsequent agreement was made, and the questions of fact set forth in the defendant's first and second prayers should also have been submitted to the jury for its determination. 2 *Par. on Con.*, 493 ; *Edwards vs. Goldsmith,* 16 *Penn. St.*, 43 ; *Goss vs. Ld. Nugent,* 5 *B. & Adol.*, 58.

*Thomas Hughes* and *Allan B. Magruder*, for the appellee.

The motion to dismiss the appeal is based on the appellant's non-conformity to the 36th Rule of Baltimore City Court, which provides that "in every case unless otherwise expressly allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the sittings of the term at which it shall have been taken." The record shows that the bill of exceptions was not filed until January Term, 1872, viz: January 12th,—whilst the trial took place November 6th, during the previous November Term, 1871. *Buffington vs. Davis,* 33 *Md.*, 512.

The defendant's offer of evidence was in conflict with the general rule of law that a written contract cannot be varied by a verbal agreement. *Chitty on Contracts, (Ed.* 1860,) 103 ; 5 *Robinson's Practice,* 721 ; 1 *Greenleaf on Ev.*, sec. 275 ; *McElderry vs. Shipley, et al.*, 2 *Md.*, 35 ; *Criss, et al. vs. Withers' Ex'r*, 26 *Md.*, 569 ; *Boyce vs. Wilson,* 32 *Md.*, 122 ; *Stockham vs. Stockham*, 32 *Md.*, 196.

Although it is conceded there are some exceptions to the general rule, the appellant did not, by his offer of evidence, bring himself within any of them.

The several instructions asked by the appellant were properly rejected, for the reasons stated in the bill of exceptions, and

1st. Because there was *no evidence* to sustain the claim of any other contract between the parties than the letter of 13th July, 1868, which being unambiguous in its terms needed no explanation.

2d. Because the alleged subsequent agreement or new bargain as defined by his offer and his testimony, was not such an one as the law would sanction as admissible in evidence, not being "*in writing.*"

3d. Because any verbal agreement to set aside the contract by letter, was void of any consideration and without mutuality, and was as the evidence showed, never accepted, but on the contrary *repelled* by the appellee.

4th. Because the instructions (so offered) were without evidence to support them, and involved abstract propositions of law, were certainly in conflict with the elementary principles of evidence, and were properly overruled. *Criss, et al. vs. Wither's Ex'r*, 26 *Md.*, 570.

STEWART, J., delivered the opinion of the Court.

There is no reference in the record to the 36th Rule of Baltimore City Court, according to which the appellee insists the exceptions were not prepared, and submitted to the Court during the term at which the case was tried, and therefore has made the motion to dismiss this appeal.

The record shows that the trial took place on the 6th November, 1871, and the bills of exception are signed and sealed by the Judge of that Court, on the same day—why they were not filed until the 12th January, 1872, does not appear. There is nothing to show they were not submitted at the same term at which the case was tried, and the motion to dismiss the appeal must be overruled. The appellee's intestate instituted the action,

to recover, for certain services, alleged to have been rendered by him to the appellant, and the chief ground of dispute between the parties seemed to be, under what contract they were rendered.

The letter introduced in evidence by the appellee, and conceded to have been written by the appellant, was relied upon by the appellee as constituting the contract between the parties.   On the contrary, the unsigned written memorandum of a contract, together with the oral testimony connected therewith, was offered, by the appellant, to prove that the letter was merely intended as a provisional and temporary arrangement, to be consummated by a *written* contract, and that the provisions of the letter had, in fact, been superseded by a subsequent parol agreement between the parties.

The refusal of the Court to admit this testimony, propounded in somewhat different forms, but substantially the same, constitutes the first and second exceptions, which may be disposed of together.

There is no doubt, that according to the fixed and well established rule of evidence, parol contemporaneous testimony is inadmissible to contradict, or vary the terms of a valid written instrument.   For wise purposes, in the administration of justice, this rule has been recognized, and in adjudged cases, where there seems to have been a departure, it has only been modified to *explain*, or *supplement* the *written terms*, but in no instance, that we have seen, to *contradict the provisions of the written instrument.*

Where the contract is not required by the Statute of Frauds, to be in writing, there is no difference between the parol contract in writing, or one that is in fact verbal, except in the protection afforded by the above rule of evidence, which regards it as furnishing greater facility and certainty of proof.

Either of them, not being a contract of record, or under seal, is treated as a contract by parol, and as such

distinguished from the contract under seal. The written contract, although not under seal, is considered, under this sound rule, as the best exponent of the intentions of the parties, and therefore it is not allowed to be contradicted by the inferior and less certain parol testimony.

Without doing violence to this long established and useful rule of evidence, it has been held competent to prove by parol a distinct subsequent agreement, waiving, abandoning or modifying the terms of the writing, or to prove an *additional suppletory agreement*, by parol, by which *something is supplied*, that is not in the written contract. See *Coates & Glenn vs. Sangston, 5 Md.*, 130; *Atwell & Appleton vs. Miller*, 11 *Md.*, 361.

The evidence offered in these exceptions was not for the purpose of *contradicting the terms of the letter*, which *per se*, did not purport to be a full and final contract between the parties, in regard to the matter referred to therein, but a partial agreement as to certain commissions. This did not exclude any *additional* or *suppletory provisions* which the parties might subsequently agree to, in order to render the agreement between them full and complete.

Testimony *to such effect* was admissible, to be submitted to the jury with the other evidence to be considered by them, and its admission is not in violation of the rule to which we have adverted.

We think the Court erred in the exclusion of the offered testimony in these exceptions.

There was, of course, no error in the refusal of the appellant's prayers, as the case then stood, with the testimony excluded under the previous rulings; but with its admission, although they were somewhat abstract from their phraseology, yet considered, with the offered testimony admitted, they should have been granted.

*Judgment reversed*
*and new trial ordered.*

(Decided 20th February, 1873.)