### ARRINGTON *v.* WARDEN OF THE MARYLAND PENITENTIARY

[App. No. 53, September Term, 1963.]

*Decided November 18, 1963.*

Before the full Court.

HENDERSON, J., delivered the opinion of the Court.

In this application for leave to appeal from a denial of post conviction relief, the petitioner was convicted of first degree

murder and sentenced to death. The judgment was affirmed on appeal. *Arrington v. State,* 228 Md. 143. A petition for post conviction relief was filed and denied by Judge Harris, but no application for leave to appeal was filed. A second petition was later denied by Judge Oppenheimer, from which the present application was filed. All except the last ground were fully treated by Judge Harris, but the allegation that the petitioner had no counsel at the preliminary hearing was novel, and was dealt with by Judge Oppenheimer.

It appears that a preliminary hearing was held on January 17, 1961, before Magistrate Rosen, who informed the petitioner that the purpose of the hearing was not to determine his innocence or guilt but simply "to determine whether or not it is a *prima facie* case to hold you for the action of the grand jury. Are you guilty or not guilty?" The petitioner responded: "not guilty." When he was arraigned on March 20, 1961, he pleaded "not guilty." At that time he was represented by counsel, but not at the preliminary hearing.

The petitioner relies upon the case of *White v. Maryland,* 373 U. S. 59, reversing *White v. State,* 227 Md. 615, but we think the case is readily distinguishable. In the *White* case the accused had pleaded guilty at the preliminary hearing, and the guilty plea was put in evidence at the trial without objection. The Supreme Court, in its per curiam opinion, held *Hamilton v. Alabama,* 368 U. S. 52, controlling, and said: "Whatever may be the normal function of the 'preliminary hearing' under Maryland law, it was in this case as 'critical' a stage as arraignment under Alabama law. For petitioner entered a plea before the magistrate and that plea was taken at a time when he had no counsel."

Despite the breadth of this language, we think the mere absence of counsel at the preliminary hearing would not have required reversal, except for the fact that the guilty plea had an effect upon the subsequent course of the trial. Under Maryland law a preliminary hearing is not required to validate an indictment, nor is any plea required at such a hearing. The fact that the accused entered a plea of not guilty, as he did subsequently through counsel at his arraignment, could have had no more effect than if no preliminary hearing had been held. Nor

was he precluded from raising other defenses as in the *Hamilton* case, *supra*.

To demonstrate that the preliminary hearing was not a critical stage of the trial, it is only necessary to consider what would follow if we were to set aside the conviction, appoint counsel and order a new trial. There would be no preliminary hearing, because the whole purpose of that proceeding was to determine whether to hold the accused for the action of the grand jury. Once the grand jury brought in an indictment, the accused was thereafter detained, arraigned and tried on that indictment, and there is no present claim of error in any of the proceedings subsequent to the preliminary hearing. A new trial would therefore be no more than an exercise in futility.

At least one other court has taken the same view of the *White* case as we do. See *People v. Combs*, 241 N. Y. S. 2d 104. We read it as holding that the preliminary hearing was a critical stage, only insofar as it might have an appreciable effect upon subsequent proceedings, although no showing of actual prejudice is required.

*Application denied.*