BERNARD TIMBERS a/k/a WILLIAM WILLIAMS
*v.* STATE OF MARYLAND

[No. 33, September Term, 1967.]

*Decided January 5, 1968.*

The cause was argued before MURPHY, C. J., and MORTON, ORTH, and THOMPSON, JJ.

*Joseph E. O'Brien, Jr.,* for appellant.

*William B. Whiteford, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, William A. Linthicum, Jr., State's Attorney for Montgomery County,* and *Rudolph N. D'Agaris, Assistant State's Attorney for Montgomery County,* on the brief, for appellee.

PER CURIAM.

Convicted by a jury in the Circuit Court for Montgomery County on December 1, 1966, of grand larceny and shoplifting, and thereafter sentenced to three years imprisonment, appellant's sole contention on this appeal is that he was illegally convicted because denied his constitutional right to counsel at his preliminary hearing.

The basic purpose of the preliminary hearing in Maryland is to determine whether to hold the accused for the action of the Grand Jury. *Arrington v. Warden,* 232 Md. 672. It has been repeatedly held that where, as here, the defendant enters a plea of not guilty at the preliminary hearing, such hearing is not, of itself, and in the absence of unusual circumstances, such a critical stage in the judicial process as to require appointment of counsel for an indigent accused. *Gopshes v. Warden,* 240 Md. 732; *Mercer v. State,* 237 Md. 479; *Fabian v. State,* 235 Md. 306, *cert. den.* 379 U. S. 869; *DeToro v. Pepersack,* 332 F. 2d 341, *cert. den.* 379 U. S. 909; *State v. Hardy,* 2 Md. App. 150; *Crumb v. State,* 1 Md. App. 98.

The thrust of appellant's contention that the preliminary hearing is a critical stage of the proceedings is based upon the proposition that his right to discovery of the State's case, including the right to cross examine the State's witnesses, would be limited in the absence of counsel representing him at that time. We do not feel, however, that it is the purpose of the preliminary hearing to provide a forum for discovery, and although it does afford, as an incidental by-product, some opportunity for discovery, we do not believe that the Constitution requires, for that reason, that counsel be afforded at that non-critical stage of the proceedings. See *Sciortano v. Zampano,* 385 F. 2d 132 (2d Cir.).

*Judgment affirmed.*