## RONNIE GORDON *v.* STATE OF MARYLAND

[No. 338, September Term, 1967.]

*Decided September 16, 1968.*

The cause was argued before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *James Garrity, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

The appellant was found guilty of robbery with a deadly weapon at a court trial in the Criminal Court of Baltimore and sentenced to imprisonment for a term of 8 years. On appeal from the judgment the contentions raised go to the sufficiency of the evidence to sustain the conviction.

There was evidence adduced by the State that on 11 February 1967 about 2:30 A.M. Mrs. Lyndel Hogan, a cab driver, discharged a passenger at Fremont and Penn Streets. Three boys came up, one with a gun on the driver's side of the cab and the other two on the opposite side.[1] They took her purse, with her money—$53.00 — and personal belongings. Another cab approached and the boys ran. She reported the robbery on her radio. At the trial Mrs. Hogan identified the boy with the gun as Ronnie C. Gamble, Jr. but was unable to identify the other two. The cab that approached the scene of the crime was driven by Leroy Williams. He saw the three boys, one leaning inside

---

1. Ronnie C. Gamble, Jr. and Clarence L. Beckett were also charged with the crime. Gamble, tried with the appellant, was convicted of robbery with a deadly weapon and carrying openly a deadly weapon with intent to injure and sentenced to imprisonment for a total term of 10 years. Beckett was found to be not guilty at a separate trial.

the cab on the driver's side and two on the opposite side. They ran as he approached. He heard the report of the robbery on his radio, followed them and saw them go into a house on Portland Street. The police arrived and he reported his observations. At the trial he identified the appellant and Gamble as two of the boys he had seen. Officer James George responded to the report of the robbery and went to the scene. After talking to Mrs. Hogan and Williams he went to 625 Portland Street, the house Williams had seen the boys enter. He and other officers were admitted into the house and found a pistol and the contents of Mrs. Hogan's purse strewn about the premises. No question as to the search and seizure is presented on appeal. The three boys were arrested in the house. Mary Johnson testified that the appellant, Gamble and Beckett had been in her house earlier that evening. They left and returned about 2:30 A.M. after being gone a "half hour to an hour." Five or ten minutes after they returned the police arrived.

The *corpus delicti* of the crime of robbery with a deadly weapon was proved and we think that the evidence was sufficient for the lower court to find beyond a reasonable doubt that the appellant was one of the criminal agents. Williams followed the three boys he saw at the scene of the crime to 625 Portland Street and observed them enter the house. Mary Johnson identified the appellant as one of the three boys who entered her house at that time. The fruits of the crime were found in the house. Williams identified the appellant as one of the boys he saw at the cab and that he did not identify him at a line-up goes only to the weight of his testimony. *Logan v. State,* 1 Md. App. 213. The weight to be given a courtroom identification is a matter for the trial court. *Cox v. State,* 3 Md. App. 136. We cannot say that the findings of the lower court on the evidence were clearly erroneous. Md. Rules, 1086; *Hutchinson v. State,* 1 Md. App. 362.

*Judgment affirmed.*