# ERNEST WATSON *v.* STATE OF MARYLAND

[No. 164, September Term, 1968.]

*Decided February 18, 1969.*

*Frank Cannizzaro, Jr.,* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Arthur A. Alperstein, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ANDERSON, J., delivered the opinion of the Court.

The appellant, Ernest Watson, was convicted in the Criminal Court of Baltimore of robbery with a dangerous and deadly weapon by Judge Paul T. Pitcher, sitting without a jury, and was sentenced to fifteen years under the jurisdiction of the Department of Correction.

On this appeal, appellant presents the following questions:

I—Whether appellant's arrest was legal?
II—Whether appellant was denied his rights when he was denied counsel at the preliminary hearing?

III—Whether Mrs. Schneider should have been allowed to testify?

IV—Whether the identification of appellant was sufficient and proper?

V—Whether the testimony of the child witness was competent and worthy of belief?

VI—Whether the evidence was sufficient to sustain the conviction?

The testimony at trial was relatively simple. Mrs. Faye Schneider testified that on December 13, 1967 at 9:30 p.m. she was operating a liquor and grocery store in Baltimore. She heard a noise and then saw a man holding a gun. The man demanded all of her money and although she was momentarily "dumbfounded," she gave the man $150.00 from the cash register. The man was in the store for approximately 4 to 5 minutes and the lighting in the store was good. She described the man to the police as wearing a long black leather coat and a peaked cap. Mrs. Schneider testified that although she had viewed photographs which were shown to her, she was unable to "recognize anybody"; and that although she was present at the preliminary hearing she was not called upon to identify the robber. At trial she positively identified appellant as the man who robbed her and affirmed that without a shadow of a doubt appellant was the robber.

Ronnie Thompson, age 14, testified that he was in Mrs. Schneider's store and that a man produced a gun and said, "Don't anybody move; this is a hold-up." The man then went behind the counter and was given the money by Mrs. Schneider. Ronnie Thompson testified that the robber was a dark skinned Negro wearing a dark colored three quarter length jacket and a brown checked cap. He stated that he was approximately one foot away from the robber for 2 to 3 minutes, that the store was brightly lit, and that he was "scared" while the holdup was in progress. At trial he pointed out appellant as being the robber and positively identified him, affirming that there was not the slightest amount of doubt in his mind that appellant was the man who had robbed the store.

The appellant declined to testify, and defense counsel then

proffered to the court that his only witness was one "Clinton," whose company appellant alleged he was in on the evening in question, and who could not be located to testify.

## I

The record is devoid of any testimony relating to the circumstances surrounding appellant's arrest. Counsel for appellant has conceded what is evident, that the issue of probable cause for appellant's arrest was not raised at trial. Because of this circumstance the contention is not reviewable on this appeal. Maryland Rule 1085. We note, however, that the record shows that no fruits of the arrest were received into evidence against him, and even if the arrest were illegal, that does not, in and of itself, preclude a trial or vitiate a conviction. *Boone v. State,* 3 Md. App. 11, 30, 237 A. 2d 787 (1967); *Hartley v. State,* 4 Md. App. 450, 459, 243 A. 2d 665 (1968).

## II—PRELIMINARY HEARING

The record shows that this contention was not presented to or decided by the court below and there is, consequently, nothing for us to review. Maryland Rule 1085.

Moreover, there is no constitutional right to counsel at the time of a person's arrest or at a preliminary hearing where no plea is taken or the plea is not guilty. There is nothing in the record before us to indicate otherwise. *Timbers v. State,* 2 Md. App. 672, 673, 236 A. 2d 756 (1968); *State v. Hardy,* 2 Md. App. 150, 233 A. 2d 365 (1967); *Hartley v. State, supra.*

## III—MRS. SCHNEIDER'S TESTIMONY

Appellant contends that the prosecuting witness, Faye Schneider, should not have been allowed to testify in view of the fact that she was not named on the face of the indictment. The record indicates that the indictment originally charged appellant with robbing one Henry Margaritos (the brother of Mrs. Schneider who was in the store at the time of the robbery). At trial the State moved to amend the indictment by substituting the name of Faye Schneider for that of Henry Margaritos and the amendment was granted over objection. The appellant elected to proceed to trial rather than seek a continuance, and trial was had under the amended indictment. The record further indi-

cates that a Motion for Discovery and Inspection was filed by appellant on March 22, 1968, and answered by the State on April 4, 1968. The State's answer clearly shows that the name of Faye Schneider was supplied to appellant in response to his request for the names of those persons which the State intended to call to prove its case in chief. The record is devoid of any objection made to Mrs. Schneider's testimony at trial.

Because objection was not made at trial to Mrs. Schneider's testimony, the issue is not properly before us for review. Maryland Rule 1085.

## IV—IDENTIFICATION OF APPELLANT

The appellant contends that his identification by Mrs. Schneider and Ronnie Thompson was insufficient for the court to have found that he was the man who robbed the store because of the agitated state of mind of the two witnesses at the time of the crime. Mrs. Schneider testified that she was "dumbfounded" for a minute, and Ronnie Thompson testified that he was "scared." Appellant further contends that the transcript indicates that Mrs. Schneider identified someone in the courtroom, but that the transcript does not indicate that the man identified was the appellant.

It is settled that any uncertainty or contradiction in a courtroom identification goes only to the weight of the evidence, *Barnes v. State,* 5 Md. App. 144, 152, 245 A. 2d 626 (1968); *Gibson v. State,* 4 Md. App. 222, 226, 242 A. 2d 204 (1968), which is a matter for the fact finder. *Gordon v. State,* 5 Md. App. 102, 104, 245 A. 2d 401 (1968); *Gunn v. State,* 4 Md. App. 379, 384, 243 A. 2d 15 (1968). In a trial before the court, identification is for the trial judge to determine and the finding will not be disturbed on appeal in the absence of clear error. In this case, where appellant was identified by the victim and by an eyewitness, we see no such error. See *Gunn v. State, supra,* at 384, and cases there cited.

## V—THE CHILD WITNESS

The appellant contends that the testimony of Ronnie Thompson, who was 14 years old and in the ninth grade at the time of the trial, was incompetent and worthy of belief. The record

shows no objection made at trial to Ronnie Thompson's competence to testify; consequently the matter is not properly before us for review. Maryland Rule 1085.

Even if the issue were properly before us it would provide no relief. The capacity of a child to testify is within the sound discretion of the trial court. *Reckard v. State,* 2 Md. App. 312, 318, 234 A. 2d 630 (1967) and cases therein cited; *White v. State,* 3 Md. App. 167, 170, 238 A. 2d 278 (1968). In the light of all the circumstances here presented, we can find no abuse of that discretion. The credibility of the witness is, of course, a matter for the fact finder. *Nichols v. State,* 5 Md. App. 340, 351, 247 A. 2d 722 (1968); *Poff v. State,* 3 Md. App. 289, 292, 239 A. 2d 121 (1968).

## VI—SUFFICIENCY OF EVIDENCE

The record shows that the appellant was positively identified at trial by at least one eyewitness. The positive identification of a single eyewitness, if believed by the trier of facts, is sufficient to sustain a conviction. *Barnes v. State,* 5 Md. App. 144, 152, 245 A. 2d 626 (1968). In reviewing the sufficiency of the evidence, this Court determines whether the court below has sufficient evidence from which it could be fairly convinced beyond a reasonable doubt of the defendant's guilt. *Eley v. State,* 4 Md. App. 230, 235, 242 A. 2d 175 (1968). As mentioned above, the positive identification of an eyewitness has been held to constitute such sufficient evidence. We find that the trial court was not clearly erroneous, Maryland Rule 1086; we must, therefore, affirm the judgment.

*Judgment affirmed.*