### ROBERT C. KOCHEL *v.* STATE OF MARYLAND

[App. No. 163, September Term, 1969.]

*Decided July 16, 1970.*

12

Before MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Robert C. Kochel pro se.*

*Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* for respondent.

MURPHY, C.J., delivered the opinion of the Court.

Applicant was convicted in 1952 at a court trial of seven robberies and was sentenced to thirty-five years imprisonment. He was paroled in 1960. Subsequently, he was charged with a federal offense, convicted, and sentenced to imprisonment in a federal penitentiary where he presently remains.[1]

On March 28, 1968, applicant filed a petition under the Post Conviction Procedure Act attacking his State convictions on six grounds. Counsel was appointed to represent him and two hearings were held. One of the contentions raised at that time was that the applicant pleaded guilty at a preliminary hearing without the assistance of counsel, a fact which became known to the trial judge at the time of trial. The hearing judge found as a fact that applicant pleaded not guilty at his trial and his guilty plea at the preliminary hearing, if made, did not come to the attention of the trier of fact at the trial. The court denied the petition and no application for leave to appeal was filed.

On September 26, 1969, the applicant filed his second petition under the Post Conviction Procedure Act, again urging that he was not represented by counsel at the preliminary hearing when he pleaded guilty and for that reason, under *White v. Maryland*, 373 U. S. 59, he must be afforded a new trial. The lower court held that applicant had waived this contention by his failure specifically to raise it at his first post conviction hearing. See Maryland Code, Article 27, Section 645A (c).

The basic purpose of the preliminary hearing in Maryland is to determine whether to hold the accused for the action of the Grand Jury. *Arrington v. Warden*, 232 Md. 672; *Coleman v. State*, 8 Md. App. 65; *Weddle v. State*, 4 Md. App. 85; *Timbers v. State*, 2 Md. App. 672. It has

---

1. Although it does not appear clearly in the record before us, we assume that applicant's parole was revoked following his federal conviction.

been held repeatedly that there is no right, constitutional or otherwise, to a preliminary hearing; it is not a necessary proceeding in obtaining a valid conviction. *Ferrell v. Warden,* 241 Md. 432; *Hartley v. State,* 4 Md. App. 450; *Fabian v. State,* 3 Md. App. 270; *Ross v. Warden,* 1 Md. App. 46. While an indigent accused has a constitutional right in a serious State criminal prosecution to have counsel appointed to represent him at all "critical" stages of the proceedings against him, *McClelland v. State,* 4 Md. App. 18; *Blake v. State,* 2 Md. App. 492, the Court of Appeals of Maryland, the United States Court of Appeals for the Fourth Circuit, and this court have heretofore held that the preliminary hearing under Maryland law is not, of itself, such a critical stage in the judicial process. *Baldwin v. Warden,* 243 Md. 326; *Pressley v. Warden,* 242 Md. 405; *Gopshes v. Warden,* 240 Md. 732; *Mercer v. State,* 237 Md. 479; *DeToro v. Pepersack,* 332 F. 2d 341, *cert. den.* 379 U. S. 909; *Tyler v. State,* 5 Md. App. 265; *Hannah v. State,* 3 Md. App. 325; *State v. Hardy,* 2 Md. App. 150. In *Crumb v. State,* 1 Md. App. 98, we noted that the preliminary hearing involved in *White v. Maryland, supra,* decided in 1963, was held to be a critical stage of the proceedings against the accused who was not represented by counsel because his plea of guilty taken at the preliminary hearing, and subsequently withdrawn, was introduced into evidence against him during his trial. In light of *White,* we have frequently held that the preliminary hearing is not a critical stage of the proceedings in the context of cases where no plea was taken at the preliminary hearing or the plea was not guilty. *See Watson v. State,* 6 Md. App. 134. In *Crosby v. State,* 2 Md. App. 578, 587, we stated the rule in these terms: "* * * where no actions of the appellant at a preliminary hearing were used against him at his trial, such hearing was not a critical stage of the proceedings and he was not deprived of his rights by not being there represented by counsel." With more specificity, we held in *Timbers v. State, supra,* at page 673, that "where * * * the defendant enters a plea of not guilty at the prelimi-

nary hearing, such hearing is not, of itself, *and in the absence of unusual circumstances,* such a critical stage in the judicial process as to require appointment of counsel for an indigent accused." (Emphasis supplied.) *Cf. Coleman v. State, supra.*

On June 22, 1970, the Supreme Court of the United States, in *Coleman v. Alabama,* U. S. , 7 CrL 3121, held flatly and without equivocation that the preliminary hearing in Alabama is a critical stage of the proceedings in a criminal case requiring appointment of counsel for an indigent accused. In that case, the court noted that the purpose of the preliminary hearing in Alabama is to determine whether sufficient evidence exists against the accused to warrant presenting his case to the Grand Jury and, if so, to fix bail if the offense is bailable. The court further noted that the preliminary hearing was not a required step in an Alabama prosecution since the prosecutor was free to seek an indictment directly from the Grand Jury without a preliminary hearing. It also noted that under Alabama law the accused is not required to advance any defenses at the preliminary hearing; that his failure to do so does not preclude him from availing himself of every defense he may have upon the trial of the case; and that where the accused has no lawyer at the preliminary hearing, the State is prohibited from using anything at the trial that occurred at the hearing. Against this background, the court nevertheless held the preliminary hearing a critical stage in the Alabama criminal process. It said:

> "* * * The determination whether the hearing is a 'critical stage' requiring the provision of counsel depends, as noted, upon an analysis 'whether potential substantial prejudice to defendant's rights inheres in the * * * confrontation and the ability of counsel to help avoid that prejudice.' *United States v. Wade,* 388 U. S. 218, at 227. Plainly the guiding hand of counsel at the preliminary hearing is essential to protect

the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weaknesses in the State's case, that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail.

"The inability of the indigent accused on his own to realize these advantages of a lawyer's assistance compels the conclusion that the Alabama preliminary hearing is a 'critical stage' of the State's criminal process at which the accused is 'as much entitled to such aid [of counsel] * * * as at the trial itself.' *Powell v. Alabama,* 287 U. S. 45, at 57."

The preliminary hearing in Maryland is for all practical purposes indistinguishable from that in Alabama. It is thus clear under *Coleman* that the preliminary hearing in Maryland, if held, is now a critical stage of the criminal process requiring the appointment of counsel for accused persons who are indigent.

We see nothing in *Coleman* requiring us to afford retroactive application to its holding so as to affect judgments of conviction which, like that of the applicant, were

final prior to the date of that decision.[2] In *Coleman* the defendant had been convicted in 1967, but his conviction was appealed and therefore was not final when it was considered by the Supreme Court. The court vacated the conviction and remanded the case to the Alabama court to determine whether, in light of the rationale underlying *United States v. Wade, supra,* and *Gilbert v. California,* 388 U. S. 263, the denial of counsel at the preliminary hearing was harmless error under *Chapman v. California,* 386 U. S. 18; if it was, the judgment of conviction was to be reinstated; if it was not, then a new trial was to be ordered. We deem it inconceivable that the Supreme Court intended the principle of *Coleman* to be applicable to applicant's preliminary hearing, which was held almost twenty years before its decision. The considerations which prompted the Supreme Court to give fully retroactive application to its holding in *Gideon v. Wainwright,* 372 U. S. 335, involving the appointment of counsel at the trial, are hardly applicable to appointment of counsel at preliminary hearings. *See Manning v. State,* 237 Md. 349. And while we need not decide the question here, it would seem likely that the Supreme Court would apply the principles of *Coleman* only to preliminary hearings held after June 22, 1970, the date of its decision. *See Desist v. United States,* 394 U. S. 244; *Stovall v. Denno,* 388 U. S. 293; *Manning v. State, supra; Scott v. State,* 7 Md. App. 505.

The record before us indicates that applicant's plea of guilty at his preliminary hearing was withdrawn; that he proceeded to trial on a plea of not guilty and not guilty by reason of insanity; and that his original guilty plea did not come to the attention of the trial court. On these facts, applicant is entitled to no relief under the Post Conviction Procedure Act.

*Application denied.*

---

2. "Final" in this context means the final judgment of the highest court empowered to review the conviction on direct appeal, including within the measure of finality the ninety day period within which certiorari to the Supreme Court may be sought. *See Young v. Warden,* 245 Md. 76; *Terry v. Warden,* 243 Md. 610.