GEORGE MELVIN GREEN *v.* STATE OF MARYLAND

[No. 45, September Term, 1979.]

*Decided January 29, 1980.*

The cause was argued before MURPHY, C. J., and SMITH, DIGGES, ELDRIDGE, ORTH, COLE and DAVIDSON, JJ.

*Victoria A. Salner, Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Diane G. Goldsmith, Assistant Attorney General,* with whom was *Stephen H. Sachs, Attorney General,* on the brief, for appellee.

SMITH, J., delivered the opinion of the Court. MURPHY, C. J., dissents and filed a dissenting opinion at page 698 *infra.*

Because the trial judge failed to rule upon a motion of George Melvin Green to dismiss his indictment, we shall reverse the judgment of the Court of Special Appeals in this case, contained in an unreported opinion, and direct that the matter be remanded to the Criminal Court of Baltimore. Green's motion was in proper person on the ground that he was denied counsel at his preliminary hearing in the District Court.

Green was convicted by a Baltimore City jury on each of three charges of larceny of goods under the value of $100. Although these were misdemeanors, he was charged in the same set of indictments with a number of felonies, said to be factually connected with the same incidents. The Court of Special Appeals affirmed the convictions. It took judicial notice of the fact that a record which it procured from the District Court reflected that at the preliminary hearing Green waived his right to counsel "after inquiry." Thus, it found the issue moot. It pointed out that "no evidence or statements from the preliminary hearing were introduced at trial."

Accordingly, it concluded that if the issue had been properly before it there was no reversible error because the Court of Special Appeals "perceive[d] no possible taint that could have occurred at trial and conclude[d], on the record before [it] that any denial of counsel would have constituted harmless error."

The issue upon which we granted certiorari was:

> Where the trial court erred in failing to rule on petitioner's *pro se* motion that he was denied counsel at his preliminary hearing, did the Court of Special Appeals err: (1) in supplementing the record on its own motion with material not before the trial court; (2) in holding that the record, so supplemented, showed that petitioner had waived his right to counsel; (3) and in holding that, in any event, the error was harmless?

Green's motion to dismiss recited that he "was carried to a Preliminary Hearing on or about December 28, 1977" where he "had no protection of [his] rights." He said, "I requested a lawyer and I had none. I was not prepared for preliminary hearing intelligently and did not [sic] inform me of [my] rights [under] *Miranda v. Arizona,* [384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966)]." When the motion was brought to the attention of the trial judge he was advised by the courtroom clerk that it was not in the case file. The prosecutor then tendered a copy of the motion to the judge. There was some suggestion that possibly the motion related to some other case. The trial judge denied the motion, saying that it "[was] not properly before the Court, . . . [that] [i]t was never filed in the Court's proceedings." Whether or not the motion was actually in the case file we do not know. We do know that the docket entries reflect the filing of this motion on January 18, 1978, just one week after the indictment, and this is the first entry subsequent to the one relative to the indictment. Accordingly, it would appear that either the clerk erred or there had been a failure on the part of the clerk's office to place in the case jacket that which had been filed. In the light of the docket entry it seems unlikely that the motion was not placed in the case file.

A preliminary hearing has been recognized as a "critical stage" of the criminal process where counsel is necessary unless waived since the holding of the Supreme Court in *White v. Maryland,* 373 U.S. 59, 83 S. Ct. 1050, 10 L. Ed. 2d 193 (1963), reversing the opinion of this Court in *White v. State,* 227 Md. 615, 177 A.2d 877 (1962).

Maryland District Rule 727 a provides, "When a defendant has been charged with a felony which is not within the jurisdiction of the court and if a request for a preliminary hearing is duly made in accordance with sections b and d of this Rule, a preliminary hearing shall be held as provided in this Rule." MDR 726 a provides:

> When a defendant appears in court at any stage of a criminal proceeding, including a preliminary hearing, and is not represented by counsel, the court shall not proceed before determining whether the defendant at that time desires to waive counsel or has waived counsel, either affirmatively or by neglecting or refusing to employ counsel. If the court determines that the defendant has waived counsel, it shall proceed with the trial or hearing.

This rule is virtually the same as Maryland Rule 723 applicable to the circuit courts, whose provisions we have said are mandatory. *Snead v. State,* 286 Md. 122, 406 A.2d 98 (1979); *Thompson v. State,* 284 Md. 113, 123, 394 A.2d 1190 (1978); and *State v. Renshaw,* 276 Md. 259, 347 A.2d 219 (1975). We hold the provisions of MDR 726 also are mandatory. This is without regard to any constitutional right to counsel which a defendant may have.

Our Maryland procedure is similar to that in Alabama before the Court in *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970), in that a prosecutor may seek an indictment directly from the grand jury without a preliminary hearing. Its purpose, as in Alabama, is to determine whether there is sufficient evidence against the accused to warrant presenting his case to the grand jury and to review the conditions for pretrial release which might previously have been set. In the plurality opinion in *Coleman,*

Mr. Justice Brennan said for himself and three other justices concerning preliminary hearings:

> Plainly the guiding hand of counsel at the preliminary hearing is essential to protect the indigent accused against an erroneous or improper prosecution. First, the lawyer's skilled examination and cross-examination of witnesses may expose fatal weakness in the State's case that may lead the magistrate to refuse to bind the accused over. Second, in any event, the skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. Third, trained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial. Fourth, counsel can also be influential at the preliminary hearing in making effective arguments for the accused on such matters as the necessity for an early psychiatric examination or bail. [*Id.* at 9.]

Mr. Justice Black in his concurring opinion said, "[E]very attorney with experience in representing criminal defendants in a State which has a preliminary hearing similar to Alabama's knows — sometimes from sad experience — that adequate representation requires that counsel be present at the preliminary hearing to protect the interests of his client." *Id.* at 12.

MDR 727 g provides that in the conduct of a preliminary hearing "[t]he defendant may cross-examine witnesses . . . ." We have no way of knowing what such cross-examination might have developed or just what else might have been done by counsel for the defendant in this case, as suggested by Mr. Justice Brennan in *Coleman,* had an attorney been present at the preliminary hearing. Accordingly, we are unable to agree with the analysis of the Court of Special Appeals that because "no evidence or statements from the preliminary hearing

were introduced at trial" any error here is harmless beyond a reasonable doubt. Such is required by *Dorsey v. State,* 276 Md. 638, 659, 350 A.2d 665 (1976).

We shall assume arguendo that the Court of Special Appeals did not err in supplementing the record in this case on its own motion with material not before the trial court. In the view we take of this case, however, that does not dispose of Green's contention. We also assume that the record correctly reflects that which took place and that Green waived counsel. However, instances have been known in which clerical errors have been made, just as the court clerk in this instance mistakenly advised the trial judge that Green's motion had not been filed with the Criminal Court of Baltimore when the docket entries reflect to the contrary. Under our holding in *Brice v. State,* 254 Md. 655, 255 A.2d 28 (1969), Green is entitled to have his motion heard and to have a determination made of whether he was denied the right of counsel at his preliminary hearing. In *Brice* we reversed a conviction because the trial judge failed to hear a motion which the defendant had filed in proper person. Since he had not received a ruling on his motion and since he had not waived his motion to dismiss, we said, "In its present posture, we see no alternative other than to reverse the judgments of the lower court and remand the case for a new trial." *Id.* at 664. We do so here.

On the remand Green shall be accorded full opportunity to adduce evidence to support his motion. We point out, however, that there is a presumption of the correctness of judicial records. *Mut. Benefit Soc'y v. Haywood,* 257 Md. 538, 541, 263 A.2d 868 (1970); *Allen v. Sowerby,* 37 Md. 410, 418 (1873); *Cherry v. Baker,* 17 Md. 75, 77 (1861); *McCormick's Handbook of the Law of Evidence* § 343 at 807 (2d ed. Cleary 1972); 29 Am. Jur. 2d *Evidence* § 170 (1967); and 31A C.J.S. *Evidence* § 145 (1964). Thus, Green must overcome this presumption if he is to prevail upon the remand. The burden is his.

If on the remand the trial judge determines that Green did in fact waive counsel at the preliminary hearing, then a new

trial shall be held. If he did not waive counsel, the indictment shall be dismissed.

> *Judgment of the Court of Special Appeals reversed and case remanded to that court for reversal of the judgment of the Criminal Court of Baltimore and remand to that court for a new trial; costs to be paid by the Mayor and City Council of Baltimore.*

*Murphy, C. J., dissenting:*

I agree with the Court that Green was entitled to a timely determination by the Criminal Court of Baltimore of his motion to dismiss the indictments for alleged failure to provide counsel to represent him at the preliminary hearing. I do not agree, however, that the lower court's failure to rule on the motion requires that Green be afforded a new trial if, in fact, he waived counsel at the preliminary hearing. Nor do I agree with the Court that the indictments against Green must be dismissed if it is determined upon remand that he was denied counsel at the preliminary hearing. Neither disposition of the appeal is appropriate and this is so without regard to whether Green waived or was denied counsel at the preliminary hearing. In either event, the court's failure to rule on the motion was harmless error in the particular circumstances of this case.

The basic purpose of the preliminary hearing in Maryland is to determine whether the accused should be held for action of the Grand Jury or charged by the State's Attorney on information. *Arrington v. Warden,* 232 Md. 672, 195 A.2d 38 (1963); *Kochel v. State,* 10 Md. App. 11, 267 A.2d 755 (1970). While there is no constitutional right to a preliminary hearing, if the accused is entitled by law to such a hearing, it is deemed a critical stage of the criminal proceeding at which counsel must be appointed on behalf of an indigent accused, unless waived. *Coleman v. Alabama,* 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); *Crawford v. State,* 282 Md. 210, 383 A.2d

1097 (1978). Under Maryland law, both by rule and statute, an accused is entitled to a preliminary hearing only if he is charged with a felony which is not within the jurisdiction of the District Court. Maryland Code (1957, 1976 Repl. Vol.), Art. 27, § 592; MDR 727 a.

As the record discloses, Green was caught redhanded stealing personal property from various offices at Johns Hopkins University. Although the statement of charges filed in the District Court is not contained in the record, it is evident that Green was charged with multiple larcenies up to $500, storehouse breaking with intent to steal goods over $100 or to commit a felony (Art. 27, § 32), storehouse breaking with intent to steal goods under $100 (Art. 27, § 342), and breaking into a storehouse and stealing over $5 (Art. 27, § 33). While all of the larceny offenses were within the jurisdiction of the District Court, Green was entitled to a preliminary hearing on the §§ 32 and 33 storehouse breaking charges, which were felonies beyond the District Court's jurisdiction. See Code (1974), §§ 4-301 and 4-302 of the Courts and Judicial Proceedings Article. As to these offenses, the sole issue at the preliminary hearing was whether there was probable cause to hold Green for action of the Grand Jury or for charging upon criminal information. Upon concluding that probable cause existed, the District Court referred all the pending charges to the Criminal Court of Baltimore as required by § 4-302(e). As a result, Green was indicted by the Grand Jury in three six-count indictments, which included felony and misdemeanor counts for storehouse breaking (Art. 27, §§ 32, 33 and 342), as well as larceny offenses, both felonies and misdemeanors, and receiving counts.

On the second day of the trial, Green moved to dismiss the indictments on grounds of duplicity. The State announced at that time that it would abandon all counts of the indictments except the larceny and receiving counts. Green was convicted of three misdemeanor counts of larceny of goods under the value of $100, and was sentenced to three consecutive eighteen-month prison terms.

Assuming Green was denied counsel at the preliminary hearing, *Coleman v. Alabama, supra,* nevertheless recognizes

that a violation of the accused's right to counsel does not require automatic reversal. The standard to be applied is whether the denial of counsel was harmless error beyond a reasonable doubt under *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L. Ed. 2d 705 (1967).

In considering whether Green's claimed lack of counsel at the preliminary hearing was harmless beyond a reasonable doubt, it is essential to examine the fundamental reasons why the Supreme Court found sixth amendment protection applicable to a preliminary hearing. In this regard, we observed in *Crawford v. State, supra,* 282 Md. at 221:

> "In *Coleman,* the Supreme Court recognized the importance of cross-examination at the preliminary hearing. It said that a skilled cross-examination of the State's witnesses could expose fatal weaknesses in the prosecution's case and result in the refusal of the judicial officer to hold the accused for trial; it also observed that cross-examination at the preliminary hearing could provide a vital impeachment tool for use at the trial. . . ."

In this case, the importance of cross-examination at the preliminary hearing was obviated by the State's abandonment of the felony charges (storehouse breaking, §§ 32, 33), which had originally entitled Green to a preliminary hearing. The effect of the State's action was tantamount to an acquittal on the abandoned counts. *See Blondes v. State,* 273 Md. 435, 330 A.2d 169 (1975); *Greathouse v. State,* 5 Md. App. 675, 685-86, 249 A.2d 207, *cert. denied,* 253 Md. 734 (1969); *Stocker v. State,* 4 Md. App. 275, 279, 242 A.2d 588, *cert. denied,* 251 Md. 752 (1968), *cert. denied,* 395 U.S. 982, 89 S. Ct. 2142, 23 L. Ed. 2d 770 (1969). *But see, United States v. Scott,* 437 U.S. 82, 98 S. Ct. 2187, 57 L. Ed. 2d 65 (1978); *Commonwealth v. Lewis,* 548 S.W.2d 509 (Ky. 1977).

Because Green was acquitted of the only offenses for which he was entitled to a preliminary hearing, the lower court's failure to rule on the motion to dismiss the indictments for lack of counsel at the preliminary hearing was manifestly

harmless beyond a reasonable doubt. It could not be otherwise because the sole purpose of a preliminary hearing is to determine the existence of probable cause to hold the accused for prosecution.

As to the larceny charges upon which Green was convicted, and as to which he was never entitled to a preliminary hearing, his convictions for these offenses in any event render moot the argument that a lawyer would have obtained a finding of no probable cause at the preliminary hearing. *Moses v. Helgemoe,* 562 F.2d 62, 64 (1st Cir. 1976); *State v. Canaday,* 117 Ariz. 572, 574 P.2d 60, 63-64 (1977); *Tarpkin v. State,* 236 Ga. 67, 222 S.E.2d 364, 366 (1976). *See also United States v. Roach,* 590 F.2d 181 (5th Cir. 1979); *Schnepp v. Hocker,* 429 F.2d 1096 (9th Cir. 1970).

Finally, it makes no sense to grant Green a new trial to enable him to demonstrate that he was denied counsel at the preliminary hearing to which he was entitled by law for the storehouse breaking offenses because, even if he was, his acquittal upon those charges makes any further inquiry into the matter wholly academic. Nor does it make any sense to vacate the larceny convictions, which were never implicated in the preliminary hearing process, and dismiss those counts of the indictments as a sanction for a violation of Green's right to counsel at the preliminary hearing on other charges upon which he was ultimately acquitted.

I would therefore affirm the larceny convictions.