# HORSEY v. STATE

[No. 234, September Term, 1960.]

*Decided April 6, 1961.*

*Motion for rehearing filed April 12, 1961, denied May 8, 1961.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Leonard A. Orman* for the appellant.

*James O'C. Gentry, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, Saul A. Harris, State's Attorney for Baltimore City,* and *Russell J. White, Assistant State's Attorney,* on the brief, for the appellee.

PER CURIAM.

The appellant was convicted of larceny by the court sitting without a jury and sentenced to four years. He contends that the court committed reversible error in permitting an infant to testify against him, that the evidence to convict was insufficient, and that the value of the merchandise taken was not sufficiently shown to be in excess of $100.

The State produced an eleven-year-old boy, Douglas Marion, who testified he saw the appellant carrying boxes out of the store in question on the date mentioned in the indictment, May 23, 1960. The appellant contends that the witness was insufficiently qualified in that it was not shown that he understood the obligation of an oath or that one who lies is likely to be punished. Qualification or competency is largely within the discretion of the trial court. *Saldiveri v. State,* 217 Md. 412, 419; *Robert v. State,* 220 Md. 159, 165. The trial court found that the boy, who was in the fifth grade, was "well qualified" and cited evidence in the case which corroborated his testimony. It appears that the boy was examined at some length. He testified he believed in God, although he did not know "what God would think if he told a lie", that he knew what was meant by "telling the truth", and when asked, "If you take an oath to tell the truth, must you tell the truth or can you tell a lie?", he replied, "You must tell the truth." We find no abuse of discretion. The case of *State v. Ranger,* 98 A. 2d 652 (Me.), relied on by the appellant, is distinguishable on the facts.

The State produced the store manager who testified, on the basis of inventories taken on March 4 and May 24, 1960, that $2,900 worth of shirts and other articles of clothing were missing on the latter date. Three boxes of the merchandise were recovered from a witness, Brown, who testified that on March 14, 1960, he received them from the appellant as part payment on a car he had sold to the appellant. He also testified he saw twelve to fourteen boxes of the same type in the appellant's car at that time, although these were never recovered. The appellant had been an employee of the store in question and thus had access to the stockroom. He was seen at the store on May 23, 1960, by a store employee, and by young Marion, who helped him load eight or more boxes in his car and took his license number. Another boy hid one of these boxes and turned it over to the store. It contained missing merchandise. Recent possession of stolen goods is evidence of guilt, unless explained. *Daniels v. State,* 213 Md. 90. The police, by means of the license number, went

to the appellant's home and found an empty box in his car. The appellant was found hiding under the cellar steps. We think the evidence was sufficient to support the finding of the trial court that the appellant was guilty of larceny.

On the question of value, although the burden was on the State to show that the goods taken were worth more than $100, under Code (1957), Art. 27, sec. 340, the court had before it testimony that the total value of the missing goods was $2,900, that $87.26 worth of merchandise was recovered, and that the appellant had been in possession of some twenty additional boxes. It was permissible for the trial court to draw the inference that these other boxes contained merchandise of a value equal to at least $12.75. Cf. *Shipley v. State,* 220 Md. 463, 467.

The appellant argues that the State cannot add the value of merchandise in his possession on March 14 and on May 23 on the ground that these were separate crimes. But we think the trial court might properly have found that the separate takings were pursuant to a common scheme or intent. It is generally held that if they are, the fact that the takings occur on different occasions does not establish that they are separate crimes. See 2 Wharton, *Criminal Law and Procedure* (Anderson's ed.) § 450, *People v. Cox,* 36 N. E. 2d 84 (N. Y.), and Note, 136 A.L.R. 948. Questions of intent are usually for the trier of facts to determine. The State was at liberty to prove takings prior to the date named in the indictment. Cf. *Novak v. State,* 214 Md. 472, 477. Even without evidence of the taking on May 23, the evidence that he was in possession of at least fifteen boxes on March 14, three of which, worth $74, were recovered, would permit an inference that the remaining boxes were worth $2.20 a piece. This alone would support the verdict.

*Judgment affirmed.*