CLARENCE BROWN, JR. and CLARENCE BROWN, SR. *v.* STATE OF MARYLAND

[No. 254, September Term, 1967.]

308

Decided June 7, 1968.

The cause was argued before MURPHY, C. J., and ANDER-
SON, MORTON, ORTH, and THOMPSON, JJ.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on
the brief, for appellants.

*Bernard L. Silbert, Assistant Attorney General,* with whom
were *Francis B. Burch, Attorney General, Charles E. Moylan,
Jr., State's Attorney for Baltimore City,* and *Hilary Caplan,
Assistant State's Attorney for Baltimore City,* on the brief, for
appellee.

PER CURIAM.

Clarence Brown, Jr. and Clarence Brown, Sr., the appellants,
complain of convictions for obtaining money by false pretenses
in a trial before the court in the Criminal Court of Baltimore,
Judges Charles D. Harris and Thomas J. Kenney presiding.
They allege error in that there was an insufficiency of evidence
to support the convictions and error in the failure of the trial
court to sustain an objection to certain evidence.

The evidence shows that the Browns were partners in a pro-
fessional bail bond business operating in the City of Baltimore,
and that during the course of their business they filed five sep-
arate petitions for reductions in the amount of the forfeitures
on certain bail bonds on which they were sureties. One petition
was signed by Brown, Sr. and the other four by Brown, Jr.
The evidence for the State's case in chief was, by agreement, re-
ceived on a statement of the State's Attorney. As to Indictment
No. 3980, the statement was as follows:

> "On March 23, 1966, Clarence Brown, Jr., agent
> for United Bonding Insurance Company, 1506 Penn-

sylvania Avenue, did appear before Judge James A. Perrott of Criminal Court, Part 5, with a petition in a bail forfeiture hearing in Indictment Number 989 of 1958, State versus Roger Bryant. Incorporated in the petition was a false expense account in amount of $300.00 of the Monumental Detective Agency, showing work which was done by James Green and Lawrence Wheeler as agents of Monumental Detective Company who worked on the investigation.

"The investigation showed, however, that the Monumental Detective Insurance Company was not in business since April 30, 1965. At that time, at that date, on April 30, 1965, that particular Monumental Detective Insurance Company went out of business and was non-existent after that date. During the year 1965 it never at all operated the detective agency. James Green and Lawrence Wheeler, who were named in the petition, never were agents, nor did they work at any time for that particular detective agency."

The petition referred to was offered into evidence showing that bond in the amount of $500.00 had been previously forfeited; that the petitioners had gone to considerable expense in trying to locate the defendant, Roger Bryant, and offered in settlement the sum of $175.00, and that the petitioners agreed also to pay any expenses incurred if Roger Bryant should thereafter be apprehended. Attached to the petition was an expense account claiming expenses of $325.00, $300.00 of which was alleged to have been paid to the Monumental Detective Agents, James Green and Lawrence Wheeler and $25.00 of which was for miscellaneous expenses. Also attached to the petition was an order signed by a judge of the Supreme Bench of Baltimore directing the Sheriff of Baltimore City to accept the sum of $175.00 in full settlement of the forfeiture and releasing the bondsmen.

On Indictment No. 3981 the statement of facts was similar except (1) as to the name of the defendant (Dudley) and (2) the amount offered and accepted by the judge in settlement of a $500.00 bond was $250.00, based on alleged expenditures of $325.00, $300.00 of which was allegedly paid to James Green

and Lawrence Wheeler, agents for Monumental Detective Agency and $25.00 of which was for miscellaneous expenses.

On Indictment No. 3982 the statement of facts was similar except as to (1) the name of the defendant, (Robinson) and (2) the amount claimed as expenses was $300.00, $250.00 of which was allegedly paid to James Green and Lawrence Wheeler, agents of Monumental Detective Agency, and $50.00 was claimed for miscellaneous expenses. Two hundred dollars was offered and accepted by the judge in settlement of a $500.00 bond. This was the only petition signed by Brown, Sr.

On Indictment No. 3983 the statement of facts was similar except (1) as to the name of the defendant, (Palmer) and (2) the amount claimed as expenses was $307.00, $210.00 of which was allegedly paid to James Johnson, Wilbert Hassell and Norman Carroll as agents of Monumental Detective Agency, $10.00 of which was for telephone calls, $52.00 of which was for a trip to Bethlehem, Pennsylvania, and $35.00 of which was for miscellaneous expenses. Two hundred dollars was offered and accepted in settlement of a $500.00 bond.

On Indictment No. 3984 the statement of facts was similar except as to (1) the name of the defendant, (Dorsey) ; and (2) the amount claimed as expenses was $350.00, $150.00 of which was allegedly paid to Wilbert Hassell and Lawrence Jackson, agents for Monumental Detective Agency, and $200.00 of which was for miscellaneous expenses. Two hundred dollars was offered and accepted in settlement of a $500.00 bond.

Both defendants testified, claiming that they had actually spent the money shown on the petitions even though it was not paid to Monumental Detective Agency. Brown, Jr. testified that their books of account would support the expenditures, but that he had not brought the records with him because he did not think they would be necessary; whereupon the court requested that the records be produced after a luncheon recess. The Browns examined the records and testified that they showed expenditures of $60.00 as to Indictment No. 3980 (Bryant), $25.00 as to Indictment No. 3981 (Dudley), $5.00 as to Indictment No. 3982 (Robinson), $85.00 as to Indictment No. 3983 (Palmer), $15.00 as to Indictment No. 3984 (Dorsey).

Wilbert Hassell testified for the defendants saying that he was employed by the Browns and never had worked for Monumental Detective Agency; that he had spent money going out with Palmer's (Indictment No. 3983) girlfriend in an attempt to locate him. He testified further that the Browns had reimbursed him in cash for his expenditures, but that he did not know the total amount of the expenditures.

The Browns contend that the evidence was insufficient because of their testimony that they had spent all the money claimed in the expense sheets, and that it was immaterial whether the money was paid to Monumental Detective Agency which no longer existed, or whether it was paid to others. The contention has no importance in this case because there was more than sufficient evidence for the court to believe, as it did, that the Browns never paid the sums claimed to anyone. Not only did the Browns agree to the State's Attorney's statement of facts that the expense vouchers were false, but that their own records showed clearly that the claimed expenditures were false.

The Browns contend, also, that their bad or sloppy bookkeeping negatived their fraudulent intent. We are unable to see how the sloppy bookkeeping can negate fraudulent intent. In this connection it should be noted that when testifying, Brown, Jr. stated that only some of the money claimed as expenses in the petition was deducted from the income tax returns.

Brown, Sr. further contends that because he testified that the petition, signed by him, was prepared by his secretary instead of himself, that there was an insufficiency of evidence. We have repeatedly ruled that there is no obligation on the trial judge to accept the testimony of the accused. The important element is that Brown, Sr. presented it to the court as true when in fact he knew, or should have known, that it was false. *Ford v. State,* 3 Md. App. 175, 238 A. 2d 283, *Trout v. State,* 3 Md. App. 259, 238 A. 2d 281.

There is also a contention that the judges signing the various petitions did not rely on the false representations as required by *Levy v. State,* 225 Md. 201, 170 A. 2d 216, *Lockard v. State,* 3 Md. App. 580, 240 A. 2d 312. The petitions and orders of court thereon show on their face that the various false statements were relied on. In three cases the forfeiture was reduced

by the exact amount of the expenses; in the other two the judge accepted the exact amount offered by the petitioners.

We have no problem in deciding that the decision of the trial court was not clearly erroneous within the meaning of Maryland Rule 1086.

The Browns allege error in the fact that the court overruled an objection to the following question:

"Q. Isn't it a fact that you never really dealt with Monumental at all during the year 1965 and that each and every one of these petitions is fraudulent?
(Mr. McAllister) Objection.
(Judge Harris) Overruled."

In answer to the question Brown stated:

"A. I'll say this, I've never dealt with Monumental personally, but the people that come to us say that they work for Monumental. I have never dealt with Miss Smith but once, and that was on a case that I did for her. It's a lot of persons that come from different ones. They say, 'I am working for Monumental,' or 'I am working for University.' "

We are unable to see how the answer given could have prejudiced the Browns in any way.

*Judgments affirmed; appellants to pay costs.*