# MINNIE JACOBS *v.* STATE OF MARYLAND

[No. 187, September Term, 1968.]

*Decided March 10, 1969.*

*Edward J. Angeletti* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph C. Howard, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

Minnie Jacobs, the appellant, was convicted of murder in the second degree in the Criminal Court of Baltimore, Judge Meyer M. Cardin presiding with a jury. She was sentenced to ten years under the jurisdiction of the Maryland Department of Correction. She contends that the trial transcript is inadequate; that the trial court erred in qualifying a six year old child as a competent witness; that the instructions were "incomprehensible"; and that the evidence was insufficient to support the verdict.

There was evidence from which the jury could have found:

On April 24, 1967 Minnie Jacobs was instructed by her husband, the deceased, to purchase a pair of shoes and trousers for their son. At noon that day she took a pistol, which they owned, to a nearby tavern to pawn it so that she could raise the necessary money. However, the bartender there loaned her ten dollars without accepting the gun as collateral. She did not buy the shoes and pants but remained at the tavern drinking until about three in the afternoon. At that time she went to call on her sister-in-law, Daisy Dail, who accompanied Jacobs to the laundromat to wash some clothes; but first they went to the Jacobs' apartment, at about 4:00 P.M., where they picked up the wash, and Daisy Dail left her children with the appellant's children. Before they left, Jacobs, who had been carrying the pistol around with her all day, left it under a cushion of a chair in the living room. While doing the wash the appellant and Daisy Dail each drank a can of beer and soon returned to the Jacobs' apartment with the remainder of a six pack of beer. Upon their arrival the deceased berated his wife for having left the house and children unattended all day and for not preparing their meals. There was an argument although Daisy Dail did not consider it "violent". Daisy Dail left in a few minutes. According to the Jacobs' then five year old daughter, Willie Jacobs, her parents did not argue. The child testified that her mother picked up the gun and left the living room closing the door but immediately returned and shot the pistol at her father four times. There were five shots actually fired. When the police arrived the gun was found under a chair and Mrs. Jacobs

was holding her husband. The autopsy report showed that the deceased died from a bullet wound in the head and that he suffered another bullet wound in the abdomen. The appellant testified that her husband had slapped her prior to the shooting and that she had a mental blackout between then and the shooting and another blackout after the shooting, but she was certain that he was advancing towards her at the time she shot him.

Jacobs first contends that her trial transcript was inadequate because it did not contain opening and closing arguments, as well as what transpired at several bench conferences. Under Rule 32 of the Rules of Court of the Supreme Bench of Baltimore counsel must ask that the arguments be included within the transcript. This was not done; therefore, there is nothing for us to consider. See *Wilkins v. State,* 5 Md. App. 8, 17, 245 A. 2d 80. In addition counsel made no attempt to complete the record as permitted by Maryland Rule 1027 and neither does counsel point to any alleged errors in the missing portions of the record.

Secondly, the appellant contends that the court erred in ruling that the six year old daughter of the appellant was a competent witness. She contends that since the child was under seven years old she did not have the proper capacity or responsibility, citing Clark and Marshall *Law of Crimes* § 6.12 (6th Edition). The rule that she cites is based on the common law which "conclusively presumes that a child under seven years old is incapable of entertaining proper criminal intent to commit a crime," but here the capacity of the child to commit a crime is not the issue but rather did the child qualify as a competent witness. The Court of Appeals and this Court have held that the capacity of a child to testify is within the sound discretion of the lower court, *Robert v. State,* 220 Md. 159, 151 A. 2d 737, *Reckard v. State,* 2 Md. App. 312, 318, 234 A. 2d 630 and cases therein cited, *White v. State,* 3 Md. App. 167, 170, 238 A. 2d 278 and *Boswell v. State,* 5 Md. App. 571, 581-82, 249 A. 2d 490. Although some of the answers the child gave under cross-examination as to competency tend to support the appellant's argument that the trial judge abused his discretion, our reading of the whole testimony indicates that this was a re-

sult of the manner of the cross-examination. We cannot say that the trial judge abused his discretion when he permitted the child to testify.

Jacobs further contends that there is a distinction between a child of tender years qualifying as a competent witness where the child is a victim and where the child is an eyewitness. We have found no such distinction in the Maryland cases.

Jacobs next contends that the instructions were erroneous. Counsel seems to concede that they were in accordance with the Maryland cases, but alleges error because they contained the technical language required by *Chisley v. State,* 202 Md. 87, 95 A. 2d 577 as modified by *Bruce v. State,* 218 Md. 87, 145 A. 2d 428. To support his argument counsel points to the fact that the jury returned requesting clarification.

We cannot agree that the instructions required by those cases are more technical than the subject matter requires; nor do we agree that the mere fact that the jury requested clarification shows that the instructions were erroneous. It is significant that there was no objection below and counsel did not, in the briefs or in the oral argument, point to any particular part of the instructions as being erroneous. Although a portion of the original instructions does not appear to us to be as lucid as it could have been, the trial judge corrected most of this when he clarified the instructions at the request of the jury. We see no plain error within the meaning of Maryland Rule 756.

The appellant lastly contends that the evidence was insufficient to support the verdict. It is a well settled proposition that the law presumes that in the absence of justification, excuse or some other circumstance of mitigation, all homicides are committed with malice and thereby constitute murder in the second degree, *Williams v. State,* 2 Md. App. 170, 176, 234 A. 2d 260; and that the burden is upon the accused to prove that she comes within the exceptions, *Bruce v. State, supra, Brown v. State,* 4 Md. App. 261, 267, 242 A. 2d 570. There is no obligation on the jury to believe the testimony of the accused or of her witnesses, *Nichols v. State,* 5 Md. App. 340, 351, 247 A. 2d 722, *Melia v. State,* 5 Md. App. 354, 366, 247 A. 2d 554. The evidence established that the deceased died from a bullet wound in the head inflicted by the appellant. Since malice can be in-

ferred from the act of directing a deadly weapon at a vital part of the body the state was required to show nothing more to present a jury question as to murder in the second degree. *Veney v. State,* 251 Md. 159, 246 A. 2d 608, 618.

*Judgment affirmed.*