## OTIS WILLIAMS *v.* STATE OF MARYLAND

[No. 145, September Term, 1970.]

*Decided March 9, 1971.*

The cause was argued before MORTON, ORTH, and THOMPSON, JJ.

*Norman Yankellow,* with whom was *Joseph Rosenthal,* on the brief, for appellant.

*Clarence W. Sharp, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles*

*E. Moylan, Jr., State's Attorney for Baltimore City,* and *Michael E. Kaminkow, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

MORTON, J., delivered the opinion of the Court.

Appellant was convicted in a non-jury trial of rape and sentenced to five years imprisonment. In this appeal it is first contended that he "did not make an intelligent waiver of his right to a jury trial." The record indicates that when, at the beginning of the trial, he was asked: "Your plea today?", his counsel announced: "The plea is not guilty, court trial." No other reference to the plea or election of a court trial was made by his counsel, by the court or by the appellant. It is now argued that it was incumbent upon appellant's counsel or the trial judge to have ascertained whether appellant intelligently understood his right to a jury trial and that "the record being silent on this point it must be resolved in favor of appellant."

We think this issue is controlled by the recent decision of the Court of Appeals in *State v. Zimmerman,* 261 Md. 11. There the factual posture was substantially identical to that in the case at bar. Zimmerman's counsel entered a plea of not guilty on his behalf and when asked: "How does he wish to be tried?", counsel replied: "By the Court." On his appeal to this Court, Zimmerman contended that the trial judge erred in failing to determine whether he intelligently waived his right to a jury trial. The Court of Appeals granted the State's petition for writ of certiorari and, after reviewing the action of this Court (*Zimmerman v. State,* 9 Md. App. 488), held that this issue, not having been raised in the lower court, could not be raised for the first time on appeal, citing Maryland Rule 1085. The Court went on to say that in this factual situation the Uniform Post Conviction Procedure Act (Md. Code, Art. 27, § 645A-645J) provided the appropriate procedures and forum for resolving the issue.

Since the appellant here did not raise the question be-

low, he may not now raise it in this appeal. If he persists in having an answer, "the avenue is open for him through post conviction procedures * * *." *Zimmerman, supra.*

It is next contended that the evidence was legally insufficient to sustain the conviction and that the victim was not competent to testify. The victim was an 8-year old, second grade student, who was subjected to interrogation as to her competency to testify by the trial judge, the prosecutor and the defense counsel. She stated that she knew the difference between telling the truth and telling a lie and that if one tells a lie, he will be punished. When asked by whom one would be punished, she answered: "God."

The Court of Appeals and this Court have consistently held that whether a child of tender years is legally competent to testify is within the sound discretion of the trial judge and his judgment in this respect will not be disturbed on appeal unless there has been a clear abuse of that discretion. *Horsey v. State,* 225 Md. 80; *Saldiveri v. State,* 217 Md. 412; *Jacobs v. State,* 6 Md. App. 238. While the victim here was unable to give certain dates accurately, did not know the exact meaning of the words "to swear" or "to take an oath", it is evident that the trial judge found, and we cannot say he was wrong, that the victim understood the difference between telling the truth and telling a falsehood. We think under the circumstances here that there was no abuse of the trial judge's discretion in finding her legally competent to testify. See *White v. State,* 3 Md. App. 167, 170; *Reckard v. State,* 2 Md. App. 312, 317-318.

The victim testified that she and her 5-year old sister went to the appellant's apartment across the street from her home to get some money he had promised to give her as a birthday present. She described, in child's language, how the appellant placed her on a bed, pulled down her panties, unzipped his trousers and had sexual relations with her over a considerable period of time. He then gave her $1.75 and told her to go home. When she ar-

rived home, she noticed blood on her panties and told her baby sitter, who in turn telephoned the child's mother. The mother returned home and took the child to a hospital. Later the police were notified and the child was given a medical examination which showed a fresh quarter-inch tear through the lower part of the hymen, a dark bruise on the left side of the vaginal orifice with a diagnosis of recent forcible penetration. Although the victim was unable to identify the date or the day of the week that appellant assaulted her, the medical report was dated April 4, 1969, at 11:15 p.m.

Appellant denied the assault and sought to account for his whereabouts during the week of April 1-4, 1969, by producing several alibi witnesses.

It is well settled that the testimony of a victim of a rape, standing alone, will constitute legally sufficient evidence to support a conviction. *Charles v. State,* 4 Md. App. 110, 112. Here, the trial judge had found the victim to be a competent witness and, based on our review of the record, we find he was amply justified in finding from her testimony, which was substantiated by the testimony of her mother and the baby sitter, that the appellant had committed the described acts which constituted the crime of rape. Under Maryland Rule 1086, "the judgment of the lower court will not be set aside on the evidence unless clearly erroneous and due regard will be given to the opportunity of the lower court to judge the credibility of the witnesses." As the trial judge was not required to believe the appellant or his alibi witnesses, *Fletcher and Smith v. State,* 6 Md. App. 219, 226, we cannot say that his judgment was clearly erroneous.

*Judgment affirmed.*