## BERNARD JACKSON *v.* STATE OF MARYLAND

[No. 1430, September Term, 1979.]

*Decided July 14, 1980.*

The cause was argued before Gilbert, C. J., and Couch and Weant, JJ.

*Arthur A. DeLano, Jr., Assistant Public Defender,* with whom was *Alan H. Murrell, Public Defender,* on the brief, for appellant.

*Stephen Rosenbaum, Assistant Attorney General,* with whom were *Stephen H. Sachs, Attorney General, William A. Swisher, State's Attorney for Baltimore City,* and *Olga Bruning, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Gilbert, C. J., delivered the opinion of the Court.

This case concerns two appeals involving different cases in the Criminal Court of Baltimore, on two different indictments, tried before the same judge on two different days. In one case the judge presided over a jury that found the appellant guilty of robbery. In the other case, the appellant pled guilty to attempted robbery. The two sentences were exactly the same, except that one is concurrent with the other. "The rule of two" that seems to run through these two cases will prevail on appeal as there are two reversals and two remands.

## — THE RULE WITH RESPECT TO ADVISORY JURY INSTRUCTIONS IN CRIMINAL CASES —

Md. Rule 757 provides in pertinent part:

"a. *Written Requests.*
At the close of the evidence, and upon service of

copies on all other parties, any party may file written requests that the court instruct the jury as set forth in the requests.

b. *How Given.*

The court may, and at the request of any party shall, give those advisory instructions to the jury as correctly state the applicable law. The court may give its instructions orally or, with the consent of the parties, in writing. The court need not grant any requested instruction if the matter is fairly covered by the instructions actually given. In every case in which instructions are given to the jury the court shall instruct the jury that they are the judges of the law and that the court's instructions are advisory only.

. . .

h. *Appeal.*

An objection is not reviewable as of right unless it is made in compliance with section f of this Rule. An appellate court, either upon its own motion or upon the suggestion of a party, may take cognizance of and correct any plain error in the instructions, material to the rights of the defendant even though the error was not objected to as provided by section f of this Rule."

## — THE PROCEDURE IN THE INSTANT CASE —

The record reveals that after the close of the evidence in the matter presently before us, the appellant, Bernard Jackson, did not present to the trial judge "written requests" for instructions to the jury. The transcript shows the following dialogue between counsel and the trial judge:

"THE COURT: You have any written requests for instructions?

MR. MARCUS [Defense Counsel]: No, Your Honor.

MRS. BRUNING [Assistant State's Attorney]: No.

THE COURT: Then the case will go to the jury.

MR. MARCUS: Would your instructions include —

THE COURT: You may argue reasonable doubt and so forth. Tell them anything you care to. It is a very simple case.

MR. MARCUS: Your Honor, I think the jury ought to be instructed —

THE COURT: You answered my question, no written requests.

MR. MARCUS: That's right.

THE COURT: No instructions will be given."

The trial judge then told the jury that:

"As you all have heard, the evidence has been concluded. You will have one charge to consider, and that is, the robbery of this lady, Annabell Collins, at the conclusion of the case.

Where we are now, the State's Attorney has the right to make the first opening argument; defendant's counsel then makes his argument; and the State's Attorney may make a final argument in rebuttal; after which you will retire to consider your verdict."

The jury returned a verdict of guilty of robbing Annabell Collins by violently stealing $22 from her. As a result, Jackson was sentenced to ten years imprisonment.

Jackson argues: "The trial judge erred in refusing to consider [a]ppellant's request for advisory instructions."

## — THE PROCEDURAL ERROR —

Appellant contends that Md. Rule 757 b requires the trial judge to " 'give those advisory instructions to the jury . . . [that] correctly state the applicable law. . . .' "

We think that the trial judge misinterpreted Md. Rule 757 because he apparently was misled by a reading of subsection a. That subsection, quoted above, provides that a "party may

file written requests that the court instruct the jury as set forth in the request." The subsection does not, however, mandate that written requests for instruction be submitted, nor is it to be construed as providing that in the absence of written requests, no instruction need be given. The failure, neglect, or purposeful declination to submit written requests for jury instruction, in criminal cases, does not constitute a waiver of the right to seek advisory instructions. Indeed, subsection b of Md. Rule 757 makes manifest that a trial judge *shall* "give those advisory instructions to the jury as correctly state the applicable law." That clause of subsection b simply means that the trial judge, if requested by a party, *must* instruct the jury as to the law of the particular charge or charges, including those areas of the law that are fairly generated by the evidence. *Evans v. State,* 28 Md. App. 640, 655-69, 349 A.2d 300, 309-20 (1975), *aff'd,* 278 Md. 197, 362 A.2d 629 (1976); *Byrd v. State,* 16 Md. App. 391, 400, 297 A.2d 312, 317 (1972); *Peterson v. State,* 15 Md. App. 478, 498-99, 292 A.2d 714, 726 (1972); *Mason v. State,* 12 Md. App. 655, 661, 280 A.2d 753, 758 (1971); *Gaskins v. State,* 7 Md. App. 99, 105, 253 A.2d 759, 763 (1969).

On oral argument the State conceded that the trial judge erred, but argued that the issue has not been preserved for appellate review, and that we were precluded from considering it. Md. Rule 1085.

The colloquy between the court and counsel indicates to us that the defense did endeavor to request oral instructions, but the trial judge cut counsel short with the remark, "No instructions will be given." Confronted with the court's firm stand, counsel had little choice but to accept, at that point, the court's decision. We do not view counsel's act of discretion as abandonment of his request for instructions. We think the issue was preserved.

Even if we agreed with the State, we would, nevertheless, invoke Md. Rule 757 h, quoted above, and upon the suggestion of the appellant or on our own motion, take cognizance of what we think to be "plain error . . . material to the rights of the" appellant. Hence, we would arrive at the same conclusion, that is, that the trial judge committed

reversible error when he refused to give advisory instructions to the jury because the requested instructions were not in writing.

The sum and substance of what we have said is that requests for jury instruction *may* be in writing, but written requests are not a prerequisite for advisory instructions. The court *must* give advisory instructions on any issue of law fairly covered by the evidence whenever it is asked by a party or counsel to do so. Failure to give such instructions is fatal error.

## — SUFFICIENCY OF THE EVIDENCE —

Prior to the decision of the Supreme Court of the United States in *Burks v. United States,* 437 U.S. 1, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978), we would have halted our discussion with the reversal. *Burks* makes manifest that when sufficiency of the evidence is an issue on appeal and the case is reversed on other grounds, we are required to review the sufficiency question. This is so because if the evidence is insufficient to sustain the conviction, irrespective of any other error that might necessitate reversal, the appellant should not be required to stand trial again simply because of that procedural defect. If the evidence is insufficient to support the conviction the appellant is then wrapped in the protective garb of the "double jeopardy clause" of the Fifth Amendment of the Constitution of the United States.

The record, in the case now before us, shows that the victim told the jury a young man came to her door and said he had a package. When the victim opened the door, the youngster shoved the bag in her face and told her he had a gun. He demanded money. The victim positively, and without objection, identified the appellant as the robber. That testimony alone is sufficient to sustain the conviction. *Gross v. State,* 8 Md. App. 341, 259 A.2d 570 (1969). The State did not stop there, however. It produced the testimony of an accomplice, Quinton Rodwell. Rodwell fully corroborated the victim's account of the crime.

The appellant endeavored to shift the blame to the admitted accomplice, claiming that the accomplice, Rodwell, was the one who forced his way into the victim's house and held her down. Jackson testified that Rodwell told him to look for money, but that he, Jackson just ran out the back door. According to Jackson he did not know what Rodwell was planning to do, but merely followed Rodwell into the home.

Of course, the jury was not required to believe Jackson, and it obviously did not. *Williams v. State*, 11 Md. App. 350, 274 A.2d 403 (1971). The evidence adduced by the State, if believed by the trier of fact, was sufficient to sustain the conviction.

## — THE GUILTY PLEA —

Although the record is clear that the appellant, a 17 year old youth, knew that he, in pleading guilty, was surrendering his right to a trial by jury, to a confrontation of witnesses, to cross-examination, to calling witnesses in his own behalf, to remain silent, to be tried by the judge without the interposition of a jury, and that the jury's verdict had to be unanimous, it is absolutely silent with respect to the fact of his knowledge of the nature of the charges to which he was pleading guilty. Under *Priet v. State*, 45 Md. App. 1, 410 A.2d 1107 (1980), *cert. granted*, May 2, 1980, as it interprets *Countess v. State*, 286 Md. 444, 455, 408 A.2d 1302, 1308 (1979), the failure of the record to show that the appellant understood the nature of the charge necessitates our holding that Jackson did not make a knowing and voluntary guilty plea. The violation dictates reversal.[1]

> *Judgments reversed and case remanded for further proceedings.*
> *Pursuant to Md. Rule 1082 f, costs are not reallocated.*

---

1. We recognize that the proceedings in this case pre-dated *Countess* by approximately three and one-half months and *Priet* by almost twice that time.